MARKHAM, ALIEN PROPERTY CUSTODIAN, *v.* ALLEN ET AL.

No. 60. Argued December 5, 1945.—Decided January 7, 1946.

---

[14] See the preceding note.

*Mr. M. S. Isenbergh,* with whom *Solicitor General McGrath, Messrs. Harry LeRoy Jones* and *Raoul Berger* were on the brief, for petitioner.

*Mr. Joseph Wahrhaftig* submitted for respondents.

MR. CHIEF JUSTICE STONE delivered the opinion of the Court.

The question is whether a district court of the United States has jurisdiction of a suit brought by the Alien Property Custodian against an executor and resident heirs

to determine the Custodian's asserted right to share in decedent's estate which is in course of probate administration in a state court.

On January 23, 1943, petitioner, the Alien Property Custodian, acting under § 5 (b) (1) (B) of the Trading with the Enemy Act, 55 Stat. 839, 50 U. S. C. App., Supp. IV, § 616, and Executive Order No. 9095, as amended by Executive Order 9193, 3 Code Fed. Reg. (Cum. Supp.) 1174, issued vesting order No. 762, by which he purported to vest in himself as Custodian all right, title and interest of German legatees in the estate of Alvina Wagner, who died testate, a resident of California, whose will was admitted to probate and whose estate is being administered in the Superior Court of California. Previously, on December 30, 1942, six of the other heirs-at-law of decedent, residing in the United States, filed a petition in the Superior Court of California for determination of heirship, asserting that under the provisions of California Statutes, 1941, chap. 895, § 1,* the German legatees were ineligible as beneficiaries, and that the American heirs were therefore entitled to inherit decedent's estate. This proceeding is still pending.

On April 6, 1943, the Custodian brought the present suit in the district court for the northern district of California against the executor and the six California claimants, seeking a judgment determining that the resident claimants have no interest in the estate, and that the Custodian, by virtue of his vesting order, is entitled to the entire net estate of the decedent after payment of expenses of administration, debts, and taxes, and is the owner of specified real estate of decedent passing under the will. The complaint prayed that the executor be ordered to pay the entire net estate to the Custodian upon the allowance by

---

*This statute purports to limit inheritance by non-resident aliens to nationals of countries which grant reciprocal rights of inheritance to American citizens.

the state court of the executor's final account. On motion of respondents to strike the complaint, and on petitioner's motion for judgment on the pleadings, the district court gave judgment for petitioner, 52 F. Supp. 850. The court held that it had jurisdiction to enforce the vesting order of petitioner; that its jurisdiction is derived from the Constitution and laws of the United States and is not subject to restriction or ouster by state legislation; and that California Statutes, 1941, chap. 895, § 1, is invalid. The judgment declared that petitioner had acquired the interests of the German nationals in the estate of decedent; that none of respondents have any right, title or interest in the estate; and that petitioner is entitled to receive the net estate in distribution after payment of expenses of administration, debts and taxes.

Without passing upon the merits, the Court of Appeals for the Ninth Circuit reversed and ordered the cause dismissed, upon the ground that the district court was without jurisdiction of the subject matter of the action. 147 F. 2d 136. The court thought that since "the matter is within probate jurisdiction and that court is in possession of the property, its right to proceed to determine heirship cannot be interfered with by the federal court."

It is not denied that the present suit is a suit "of a civil nature . . . in equity," brought by an officer of the United States, authorized to sue, of which district courts are given jurisdiction by § 24 (1), 28 U. S. C. § 41 (1), of the Judicial Code. But respondents argue, as the Circuit Court of Appeals held, that as the district courts of the United States are without jurisdiction over probate matters, see *Broderick's Will,* 21 Wall. 503, 517; *Byers* v. *McAuley,* 149 U. S. 608, 615, which the Court of Appeals thought are not "cases or controversies within the meaning of Art. III of the Constitution," and since the present suit to determine heirship of property being administered in a state probate court is an exercise of probate jurisdiction, the district court is without jurisdiction.

It is true that a federal court has no jurisdiction to probate a will or administer an estate, the reason being that the equity jurisdiction conferred by the Judiciary Act of 1789 and § 24 (1) of the Judicial Code, which is that of the English Court of Chancery in 1789, did not extend to probate matters. *Kerrich* v. *Bransby,* 7 Brown P. C. 437; *Barnesley* v. *Powel,* 1 Ves. Sen. 284; *Allen* v. *Macpherson,* 1 Phillips 133, 1 House of Lords Cases 191; *Broderick's Will, supra; Farrell* v. *O'Brien,* 199 U. S. 89; *Sutton* v. *English,* 246 U. S. 199, 205. But it has been established by a long series of decisions of this Court that federal courts of equity have jurisdiction to entertain suits "in favor of creditors, legatees and heirs" and other claimants against a decedent's estate "to establish their claims" so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court. *Waterman* v. *Canal-Louisiana Bank Co.,* 215 U. S. 33, 43, and cases cited. See *Sutton* v. *English, supra,* 205; *United States* v. *Bank of New York Co.,* 296 U. S. 463, 477; *Commonwealth Trust. Co.* v. *Bradford,* 297 U. S. 613, 619; *United States* v. *Klein,* 303 U. S. 276; *Princess Lida* v. *Thompson,* 305 U. S. 456, 466.

Similarly while a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court, *Penn Co.* v. *Pennsylvania,* 294 U. S. 189, 195–196 and cases cited; *United States* v. *Bank of New York Co., supra,* 477–478 and cases cited, it may exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court. *Commonwealth Trust Co.* v. *Bradford, supra,* 619; *United States* v. *Klein, supra,* 281 and cases cited.

Although in this case petitioner sought a judgment in the district court ordering defendant executor to pay over the entire net estate to the petitioner upon an allowance of the executor's final account, the judgment declared only that petitioner "is entitled to receive the net estate of the late Alvina Wagner in distribution, after the payment of expenses of administration, debts, and taxes." The effect of the judgment was to leave undisturbed the orderly administration of decedent's estate in the state probate court and to decree petitioner's right in the property to be distributed after its administration. This, as our authorities demonstrate, is not an exercise of probate jurisdiction or an interference with property in the possession or custody of a state court.

There remains the question whether the district court having jurisdiction should, in the exercise of its discretion, have declined to entertain the suit which involves issues of state law and have remitted the petitioner to his remedy in the state probate proceeding. See *Thompson* v. *Magnolia Co.,* 309 U. S. 478, 483; *Railroad Commission* v. *Pullman Co.,* 312 U. S. 496; *Chicago* v. *Fieldcrest Dairies,* 316 U. S. 168; compare *Pennsylvania* v. *Williams,* 294 U. S. 176, 182–186; *Gordon* v. *Ominsky,* 294 U. S. 186; *Gordon* v. *Washington,* 295 U. S. 30, 39; *United States* v. *Bank of New York Co., supra,* 480. The mere fact that the district court, in the exercise of the jurisdiction which Congress has conferred upon it, is required to interpret state law is not in itself a sufficient reason for withholding relief to petitioner. *Meredith* v. *Winter Haven,* 320 U. S. 228. This is the more so in this case because § 17 of the Trading with the Enemy Act, 50 U. S. C. App. § 17, specially confers on the district court, independently of the statutes governing generally jurisdiction of federal courts, jurisdiction to enter "all such orders and decrees . . . as may be necessary and proper in the premises to enforce the

provisions" of the Act. Although the district court has jurisdiction of the present case under § 24 (1) of the Judicial Code, irrespective of § 17, the latter section plainly indicates that Congress has adopted the policy of permitting the Custodian to proceed in the district courts to enforce his rights under the Act, whether they depend on state or federal law. The cause was therefore within the jurisdiction of the district court, which could appropriately proceed with the case, and the Court of Appeals erroneously ordered its dismissal.

The judgment is reversed and the cause remanded to the Circuit Court of Appeals for further proceedings in conformity to this opinion.

*Reversed.*

MR. JUSTICE JACKSON took no part in the consideration or decision of this case.

MR. JUSTICE RUTLEDGE is of the opinion that the cause should be remanded to the district court and jurisdiction should be retained by it pending the state court's decision as to the persons entitled to receive the net estate.