286 F.2d 274
 Warren F. DAY, Appellant,
v.
Viola V. WILSON and Theodore E. Roth, Joint Administrators of the Estate of John L. Wilson, deceased, Appellees.
Viola V. WILSON and Theodore E. Roth, Joint Administrators of the Estate of John L. Wilson, deceased, Cross-Appellants,
v.
Warren F. DAY, Cross-Appellee.
 No. 6403.
 No. 6404.
 United States Court of Appeals Tenth Circuit.
 January 13, 1961.
 Rehearing Denied February 15, 1961.
 
 Clyde J. Watts (of Looney, Watts, Looney, Nichols & Johnson), Oklahoma City, Okl., for appellant Warren F. Day.
 Charles R. Nesbitt, Oklahoma City, Okl. (William L. Walker, Lincoln, Neb., with him on the brief), for appellees Viola V. Wilson and Theodore E. Roth.
 Before MURRAH, Chief Judge, LEWIS, Circuit Judge, and RICE, District Judge.
 MURRAH, Chief Judge.
 
 
 1
 This appeal and cross-appeal involve the rights and liabilities of the parties, arising out of the dissolution of a partnership. Jurisdiction is based upon diversity and requisite amount in controversy. The suit was instituted in rem, and the court sustained its jurisdiction under 28 U.S.C. § 1655,[1] but the parties have entered their appearances, and there can be no question of the court's jurisdiction over the subject matter or the parties.
 
 
 2
 A statement of the basic facts is necessary to a proper understanding of the questions decided by the trial court and brought here on appeal. Appellant Day and decedent Wilson were partners in a Nebraska construction firm, and engaged in the performance of certain construction contracts in Oklahoma. Apparently the work had progressed slowly because of unfavorable weather, the rundown condition of equipment, and lack of capital. In any event, early in 1957, Day, by bill of sale, conveyed all of his one-half interest in the business to Wilson, leaving the latter as sole owner of the firm and all its assets. The recited consideration for the sale was that Wilson would assume all of the company debts and complete the existing contracts, thereby exonerating Day from any further liability. Wilson then came to Oklahoma City and obtained a loan of $25,000 from Pyle (the original plaintiff herein), secured by a mortgage on all of the construction equipment then located in Oklahoma. Wilson deposited the money in an Oklahoma City bank and returned to Nebraska, where he died the following day. Probate proceedings are still pending in the Nebraska state court.
 
 
 3
 Shortly after Wilson's death, the appellee-cross-appellants, administrators of Wilson's Estate, demanded and received a cashier's check for the amount on deposit with the bank. Whereupon mortgagee-Pyle brought this action to impress a trust upon the funds, and to prevent the cashing of the check. The bank entered the proceedings as a stakeholder. Appellant Day intervened, alleging that he and Wilson were partners; that the bill of sale was only for convenience, i. e. to allow Wilson to borrow money on the security of the partnership property; that the bill of sale should be rescinded; and that the proceeds of the loan should be returned to Pyle.
 
 
 4
 In the meantime, and immediately following Wilson's death, the appellant's son and agent, George Day, came to Oklahoma and began the completion of the existing contracts, which were eventually completed at a considerable loss. He also undertook other construction projects, using all the equipment formerly owned by the Day-Wilson partnership, and located in Oklahoma. He did not account to the appellee-administrators for the use of the equipment on these projects or for any funds received.
 
 
 5
 The appellees alleged that the equipment belonged to the Wilson Estate by virtue of the bill of sale, and counterclaimed for its rental value. In the pretrial proceedings, and upon trial, the appellant Day contended that the bill of sale was rescinded for failure of consideration, i. e., failure of performance upon Wilson's death; that the partnership was therefore not terminated by the bill of sale; that he completed the partnership contracts as the statutory surviving partner and obligor; and that the resulting losses were consequently partnership losses. He furthermore took the position that the additional contracts were entered into and completed with partnership equipment as a necessary incident to a surviving partner's statutory authority and duty to wind up the partnership affairs.[2]
 
 
 6
 A receiver, appointed by agreement of the parties, rented the equipment to others for a period, subsequently sold it, deposited the money as court funds, paid the note owing to Pyle, and negotiated the cashier's check.
 
 
 7
 The trial court found that the bill of sale was intended to and did dissolve the partnership; that its consideration failed upon Wilson's death for lack of performance; that the partnership was nevertheless terminated and could not be reestablished after Wilson's death; and that the partnership having been dissolved, the partnership property passed in equal parts to Day and to Wilson's Estate. The court went on, however, to sustain Day's asserted right and duty to complete the partnership contracts with the jointly owned property, not as a surviving partner, as contended by appellant, but as an obligor under the contract and performance bond.
 
 
 8
 The court accordingly denied the appellee-administrators' claim for the rental value of its one-half interest in the equipment used in the performance of partnership contracts, and instead charged the Estate with one-half of the losses incurred in the performance of such contracts. The court rejected Day's asserted right to use the Estate's interest in the equipment for the performance of other contracts, unrelated to the partnership, and accordingly surcharged Day for the fair rental value of the Estate's interest in the equipment used in the performance of such contracts. Finally, the trial court balanced the losses incurred in the performance of the partnership contracts against the ascertained rental value of the Estate's interest in the equipment used in the performance of the other contracts and rendered judgment accordingly.
 
 
 9
 While conceding the in rem jurisdiction of the court over the original $25,000 bank deposit, the appellee-administrators challenge the court's jurisdiction to assess the Estate for one-half of the losses on the Oklahoma partnership contracts. As to that, they argue that it constitutes a claim against the Estate over which the Nebraska probate court has exclusive jurisdiction. See Article 5, Section 16, Nebraska Constitution; R.S.Nebraska 1943, Sections 24-503, 504.
 
 
 10
 This action was brought to enforce a claim to personal property within the district; the parties appeared and asserted their rights and interest in and to such property; and the court simply exercised its jurisdiction in rem to establish ownership as between the claimants thereto. It is well settled "that federal courts of equity have jurisdiction to entertain suits `in favor of creditors, legatees and heirs' and other claimants against a decedent's estate `to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." Markham v. Allen, 326 U.S. 490, 66 S.Ct. 296, 298, 90 L.Ed. 256. See also Foster v. Carlin, 4 Cir., 200 F.2d 943. The court did not assume to act upon any assets of the parties or of the dissolved partnership not within the district. Nor did its judgment in any way interfere with the orderly administration of the Estate in the Nebraska probate court.
 
 
 11
 For purposes of the appeals, the basic and pivotal question concerns the legal effect of the bill of sale, and subsequent death of Wilson, upon the status of the partnership. The effect of the trial court's reasoning is that the parties intended to and did terminate the partnership by the bill of sale, with the result that Wilson became the owner of all of the partnership equipment. It seems too plain for doubt that the bill of sale was rescinded for failure of consideration due to the fact that, as the trial court reasoned, "an element of personal performance by Wilson formed part of the consideration for the sale." Certainly the court's reasoning in this regard is not clearly erroneous, and we accept it as the basic premise for determining the rights of the parties. And it is also palpably true that the partnership could not be reestablished after Wilson's death. From this the trial court correctly held that upon the rescission of the bill of sale and Wilson's death, the partnership property passed equally to Day and Wilson's Estate.[3]
 
 
 12
 The appellant cannot complain of the court's determination of his right to use all of the equipment in the performance of the partnership obligations. And this is true whether he acted as a statutory surviving partner with authority to wind up partnership affairs, or as an obligor under the partnership construction contracts and performance bond. In either event, the Estate is chargeable with one-half of the losses. On the remaining question of the right of the appellant to use the equipment in the performance of unrelated contracts, it may be seriously doubted whether the right to use the equipment could be sustained as necessary and incident to the statutory authority to wind up partnership affairs. For the Uniform Partnership Act, § 33, 54 O.S.Supp. § 233, provides that: "Except so far as may be necessary to wind up partnership affairs or to complete transactions begun but not then finished, dissolution terminates all authority of any partner to act for the partnership * * *." See also Taliaferro v. Reirdon, 191 Okl. 43, 126 P.2d 696, 701. But, even so, the court having properly decided that the equipment passed to Day and to Wilson's Estate upon the rescission of the bill of sale and Wilson's death, Day could, under no stretch of his authority as the owner of one-half of the equipment, be authorized to use all the equipment in the performance of contracts which were wholly unrelated to partnership ventures, and as to which he did not assume to account to the Estate for any of the profits or proceeds.
 
 
 13
 The judgment is affirmed.
 
 
 
 Notes:
 
 
 [1]
 28 U.S.C. § 1655 provides, inter alia, "In an action in a district court to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon title to, real or personal property within the district, where any defendant cannot be served within the state, or does not voluntarily appear, the court may order the absent defendants to appear by a day certain. * * *"
 
 
 [2]
 Section 37 of the Uniform Partnership Act (adopted in both Oklahoma and Nebraska) provides that "* * * the partners who have not wrongfully dissolved the partnership or the legal representative of the last surviving partner * * * has the right to wind up the partnership affairs * * *." 54 O.S. Supp. § 237; R.R.S.1943, § 67-337
 
 
 [3]
 There is some contention made concerning the sufficiency of the proof to show the proportionate shares in the partnership property. Suffice it to say that the trial court found they were equal partners and there is no proof in the record to the contrary