## CREDIT ALLIANCE CORPORATION, Plaintiff,

v.

Mary Lou WILHELM, Marianne Wilhelm, Individually and as Personal Representative of the Estate of Jeffrey C. Wilhelm, et al., Defendants.

No. CV 87–218–M–CCL.

United States District Court, D. Montana, Missoula Division.

July 20, 1988.

Corneal L. Domeck, III, Louisville, Ky., John K. Tabaracci, Sullivan & Baldassin, Missoula, Mont., for plaintiff.

Patrick D. Dougherty, Worden, Thane & Haines, Missoula, Mont., for Marianne Wilhelm.

Urban L. Roth, Poore Law Firm, Butte, Mont., for Ronald H. and Linda K. Evans.

## ORDER

LOVELL, District Judge.

This cause is before the court on the findings of the United States Magistrate and his recommendation that the defendant Marianne Wilhelm's motion to dismiss be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 400–4(b), counsel for all parties were sent a copy of the magistrate's findings and recommendation and given ten days within which to file any objections. No party has objected.

The court having reviewed the magistrate's findings, and finding the same to be supported in law and in fact, the findings are approved and

IT IS HEREBY ORDERED that the defendant Marianne Wilhelm's motion to dismiss is GRANTED and the complaint is DISMISSED.

The clerk is directed forthwith to notify counsel of entry of this order.

## FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE AND ORDER

ROBERT M. HOLTER, United States Magistrate.

Pending in this matter is the defendants' motion to dismiss under Rule 12(b)(1) and (6) claiming lack of jurisdiction over the subject matter and failure of the plaintiff to state a claim.

## FINDINGS OF FACT

### I.

Plaintiff recovered a judgment for $43,115.74 plus interest in United States District Court in New York on April 23, 1982, against Jeffrey C. Wilhelm. The judgment was registered in this court on the same day and was docketed in state court for Missoula County, Montana, on October 23, 1982. The judgment became a lien on Wilhelm's real property.

### II.

A writ of execution was issued by this Court on May 7, 1986, under which a sale of Wilhelm's property was scheduled for July 8, 1986. On July 3, 1986, Wilhelm filed a bankruptcy petition in Alaska which stopped the sale. Wilhelm died in an automobile accident on October 21, 1986; thereafter the bankruptcy was dismissed.

### III.

Wilhelm's estate is being probated in Alaska; plaintiff has filed its creditor's claim in that estate, which has been approved. In the meantime, ancillary proceedings were undertaken in the state court in Missoula County, Montana. Wilhelm's wife obtained an Alaska order setting aside homestead; on January 29, 1988, the Montana state court ordered the Montana real property distributed to the surviving spouse in satisfaction of the homestead, exempt property and family allowance. That same order specifically gave the homestead, exempt property and family allowance priority over plaintiff's creditor's claim and judgment lien upon the real property.

### IV.

The January 29, 1988, order of the state court in Montana has been appealed to the Supreme Court of Montana by the plaintiff here.

### V.

This action is brought to quiet title to the real property and declare judgments as to rights acquired under judicial sale under process of this Court, which sale was accomplished after Jeffrey C. Wilhelm's death.

## DISCUSSION

Federal jurisdiction in this case is based on diversity of citizenship under 28 U.S.C. § 1332. Therefore, Montana law controls the substantive rights and obligations of the parties herein. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *St. Paul Fire and Marine Insurance Co. v. Weiner,* 606 F.2d 864 (9th Cir.1979).

Upon the death of a person, his real and personal property devolves to those to whom it is willed or to his heirs, subject to homestead allowance, exempt property, and family allowance, to rights of creditors. Section 72–3–101, Mont.Code Ann. The District Court has exclusive jurisdiction of probate matters. Section 72–3–111, Mont. Code Ann. Section 72–2–801, Mont.Code Ann. grants a homestead allowance of $20,000.00 which is "exempt from and has priority over all claims against the estates". Section 72–2–802, Mont.Code Ann. gives a surviving spouse $3,500.00 of exempt property, or in lieu thereof, assets to make up a deficiency, with priority over other claims. Section 72–2–803, Mont.Code Ann. allows family allowance likewise exempt from and with priority over all claims except the homestead allowance.

The effect of the plaintiff's requests to this Court would subvert the state court's authority to probate the estate of Jeffrey C. Wilhelm. The state court is in better position than this Court to properly construe the rights of the parties to the estate

and actively has done so. For this Court to now proceed as requested by the plaintiff would be in degradation of the state court's mandate under state law. It would further amount to assuming general jurisdiction over and control of property in the state court's custody. This Court should not do so. *Markham v. Allen*, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256.

## RECOMMENDATION

The undersigned recommends defendants' motion to dismiss be granted and this matter be dismissed.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of the U.S. Magistrate upon the parties via CERTIFIED MAIL, RETURN RECEIPT REQUESTED.

The parties are advised that pursuant to Rule 400–4(b) of the Rules of Procedure for the District of Montana, any party may object to the Magistrate's proposed findings issued under this section within TEN (10) days after being served with a copy. Such party shall file with the Clerk of Court, and serve on all parties, written objections that shall specifically identify the portions of the proposed findings to which objection is made and the basis for such objection. A Judge may make a *de novo* determination of those portions to which objection is made, and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. The Judge, however, need not conduct a new hearing, and may consider the record developed before the Magistrate, making his own determination on the basis of that record.

DONE AND DATED this 24th day of June, 1988.