947 F.2d 949
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jenifer Hastings CUCCINELLO and Melanie Bristow Ohara,
Plaintiff-Appellee,
v.
Byron Seibels WOOLLEY, et al. Defendant-Appellant.
Byron Seibels WOOLLEY, Counter Claimant/Appellant,
v.
Jenifer Hastings CUCCINELLO and Melanie Bristow Ohara,
Counter Defendants/Appellees.
 No. 89-16068.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 12, 1990.*
Decided Nov. 7, 1991.
 
 Before KOELSCH, CHOY and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court was correct in entering judgment dismissing Woolley's counterclaim.
 
 
 3
 But we do not reach the question of the validity of the basis for it's ruling--abstention. Colorado River Water Conversation District v. United States, 424 U.S. 800 (1976).
 
 
 4
 This record discloses facts which under well settled legal principles compel affirmance without inquiry into the district court's reasoning; it shows that the district court lacked jurisdiction over the subject matter of Woolley's counterclaim. See, Shelter Creek Development Corporation v. City of Oxnard, 838 F.2d 375, 377 (9th Cir.1988), cert. denied, 488 U.S. 851 (1988).
 
 
 5
 Jurisdiction in the sense of the court's power over the subject matter of a controversy, is a matter a federal court must raise sua sponte and at any stage of a proceeding. Lack of jurisdiction precludes consideration of the claim asserted and any inquiry into its merits. To elucidate briefly: here Woolley filed his counterclaim in the district court at a time when proceedings to admit the will of Mary Snow Woolley to probate were under way in the Surrogate Court in New York State.
 
 
 6
 The general rule is that "[F]ederal courts of equity have jurisdiction to entertain suits in favor of creditors, legatees and heirs' and other claimants against a decedent's estate ..." ( Markham v. Allen, 326 U.S. 490, 494 (1946); see, Hilton v. Mumaw, 522 F.2d 588, 593 (9th Cir.1975)); but it is well settled as an exception to this general rule that the power to entertain such suits exists only "... so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." Markham, supra at p. 494. Stated otherwise, a federal court possesses power to adjudicate property rights in estate property "[w]here the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court." Markham, supra at 494. Or as succinctly stated by this court "[t]he evil to be avoided is federal interference with state probate proceedings." Hilton, supra p. 593.
 
 
 7
 So here, and as stated earlier, Woolley's counterclaim was filed when probate proceedings were pending in the State Surrogate Court. Control of the estate and the property in dispute lay with the latter court. By adjudicating Woolley's counterclaim the district court would have interfered with the probate proceedings and adjudicated what property should or should not be included in the estate.
 
 
 8
 In this setting the conclusion is manifest that Woolley's federal court action would interfere with the pending probate proceeding and enable the latter to control property subject to probate.
 
 
 9
 In short, Woolley's claim is within the exception to the general rule of equity jurisdiction recognized in Markham; federal intervention is thus precluded.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3