**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

R. SPENCER OLIVER; JEANIE A.
OLIVER,
<u>Plaintiffs-Appellants,</u>

v.

GARRY M. OLIVER, individually and

in his capacity as Executor of the
Estate of Robert C. Oliver,
deceased; R. TEEL OLIVER; BRUCE L.
OLIVER; INTERCON, INCORPORATED, a
Corporation,
<u>Defendants-Appellees.</u>

No. 98-1460

Appeal from the United States District Court
for the Eastern District of North Carolina, at Elizabeth City.
Terrence W. Boyle, Chief District Judge.
(CA-97-52-2-BO)

Submitted: February 26, 1999

Decided: May 17, 1999

Before NIEMEYER, HAMILTON, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Norman W. Shearin, Jr., Christopher Ambrosio, VANDEVENTER
BLACK, L.L.P., Kitty Hawk, North Carolina, for Appellants. Ashley

Lee Hogewood, III, Sara Wyche Higgins, KENNEDY, COVING-
TON, LOBDELL & HICKMAN, L.L.P., Raleigh, North Carolina, for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Spencer and Jeanie Oliver appeal the district court's order dismiss-
ing their civil complaint for lack of subject matter jurisdiction. Find-
ing no reversible error, we affirm.

This case involves a rather contentious intra-family dispute over
the administration of an estate. In June 1995, Robert Oliver ("Mr. Oli-
ver") died testate, leaving all of his real and personal property to his
children, Garry, Teel, Bruce, and Spencer Oliver. [1] This property con-
sisted primarily of a corporation in which Mr. Oliver was the princi-
pal shareholder and director ("Intercon"), a promissory note from
Intercon in the amount of $200,000, and a home on the beach. Mr.
Oliver bequeathed his interest in Intercon and the promissory note to
Garry Oliver and the home to Teel, Bruce, and Spencer Oliver.

Tensions between the brothers began almost immediately. Mr. Oli-
ver's will named Garry Oliver as executor of the estate. Spencer and
Jeanie Oliver allege that Garry Oliver has not properly settled the
estate. Specifically, they contend that the promissory note is in arrears
because Intercon did not make any payments to Mr. Oliver while he
was alive or to the estate after his death. They further allege that Inter-
con owed Mr. Oliver at least two years' worth of unpaid salary. The
house was also the subject of controversy. Since the brothers could
not agree on how best to use the property, Bruce Oliver initiated a

_____

[1] Jeanie Oliver is Spencer Oliver's wife.

2

partition action, and the house was sold.**2** However, Mr. Oliver had obtained a bank loan for $125,000, using the house as security.**3** Evidence was presented at trial showing that the plan was for the note to be paid from the proceeds of the sale. Spencer and Jeanie Oliver contend that this plan would reduce their share of the proceeds from the sale and that the note should be paid by the estate.

Approximately one week before a scheduled state court hearing to close the estate, Spencer and Jeanie Oliver filed the instant complaint in federal district court seeking a declaratory judgment describing the rights, duties, and obligations of the parties under the will, a codicil, and the Intercon note; directing Garry Oliver, as executor, to abstain from making certain decisions or taking certain actions in the administration of the estate and to provide specific information concerning the estate; deciding certain questions concerning the administration of the estate and directing Garry Oliver, as executor, to take specific actions in accordance with the court's decisions; and determining the apportionment of federal taxes, interest, and state penalties. The district court dismissed the complaint pursuant to the "probate exception" to federal diversity jurisdiction.

We find that the district court properly dismissed the complaint. It is well settled that federal courts have no jurisdiction over matters exclusively within the jurisdiction of state probate courts. See Turja v. Turja, 118 F.3d 1006, 1009 (4th Cir. 1997) (citation omitted). In the present case, North Carolina law grants the clerk of the superior court exclusive jurisdiction over the probate of wills and administration of estates. See N.C. Gen. Stat. §§ 7A-241, 28A-2-1 (1997). We find that the district court correctly concluded that all of the claims raised by Spencer and Jeanie Oliver could have been decided by the clerk at the scheduled hearing to close the estate. We further find that the relief requested would impermissibly require the district court to administer the estate. See Markham v. Allen, 326 U.S. 490, 494 (1946) (federal courts may not interfere with probate proceedings or assume general jurisdiction over probate matters); Foster v. Carlin, 200 F.2d 943, 947 (4th Cir. 1952) (same). Finally, we find that Spen-

_____

**2** Teel Oliver ultimately purchased the home.

**3** Jeanie Oliver eventually purchased the bank note on the home.

3

cer and Jeanie Oliver's reliance on N.C. Gen. Stat.§ 1-255 (1997) is misplaced. The district court properly found that this section is merely a state procedural rule which would allow them to bring an action for declaratory judgment in superior court, and state procedural rules are not binding on federal courts. See Erie R.R. v. Tomkins, 304 U.S. 64 (1938).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4