**In the Matter of the ESTATE OF Will Tinell LEWIS, a minor.**

**No. 01 C 0649.**

United States District Court, N.D. Illinois, Eastern Division.

Jan. 30, 2001.

Howard Hoffman & Associates, Chicago, IL, for plaintiff.

Steven P. Mandell, Kenneth R. Wysocki, Anthony B. Lewis, Mandell, Menkes & Surdyk, LLC, Chicago, IL, for defendant.

### MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Metropolitan Life Insurance Company ("MetLife") has filed what it labels its "Notice of Removal of a Civil Action" ("Notice"), which seeks to shift from the Probate Division of the Circuit Court of Cook County a matter that calls for a very broad reading of "civil action"—it is nothing more than a Citation To Discover Property at the behest of Catina Jackson, as guardian of the minor's estate of Will Tinell Lewis, as one facet of the pending minor's estate within the Probate Court's jurisdiction (File No. 00 P 1857).[1]

---

1. Indeed, MetLife's Notice filed in the Circuit Court says that it is removing "the civil action of *In the Matter of the Estate of Will Tinell Lewis, a minor*, which case is now pending in the Circuit Court of Cook County, Illinois, County Department, Probate Division, under File No. 00 P 1857...." Not to put too fine a point on the matter, that notion of removing the entire state court action to this District Court is not only false—really bogus—but it is also confirmatory of the conclusion stated hereafter that MetLife is trying to bring probate administration into a federal court, something totally at odds with the historical limitation on the federal judiciary's jurisdiction.

This Court is of course well aware of the ERISA statute and case law in this area, including the cases that MetLife cites in Notice ¶¶ 4 and 5 (*Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) and *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). But our Court of Appeals (for one) has not always shared the all-encompassing approach to ERISA preemption that insurers typically adopt when confronted by the need to apply certain common law doctrines in the state courts rather than the federal courts (see, e.g., *Blackburn v. Sundstrand Corp.*, 115 F.3d 493 (7th Cir.1997)). For a recent application of the principle exemplified by *Blackburn* in the removal context, see this Court's December 15, 2000 opinion in *Steinberg v. Lewallen*, No. 00 C 7680, 2000 WL 1849375 (N.D.Ill.).[2]

Here it must be recognized that acceptance of MetLife's removal effort would run directly counter to one of the oldest judicial exceptions to what might otherwise come within the purview of the federal courts: the absence of jurisdiction over probate proceedings and administration (see the discussion in *Dragan v. Miller*, 679 F.2d 712 (7th Cir.1982), confirming the origin of that exception in the Judiciary Act of 1789 and reconfirming the "settled law" (*id.* at 718), as set out in *Markham v. Allen*, 326 U.S. 490, 494, 66 S.Ct. 296, 90 L.Ed. 256 (1946), that "a federal court has no jurisdiction to probate a will or administer an estate . . . .").[3] This is not an issue that is merely collateral to the probate proceedings or to the administration of the probate estate—on the contrary, it is at the core of those proceedings and that administration to ascertain the assets of the minor's estate. And MetLife is nothing more than a stakeholder: Its liability is fixed and not in dispute (the amount of its life insurance policy), with the controversy if any being between the minor's estate and the other minors who may lay claim to shares of the proceeds (Notice ¶ 2 and Citation ¶¶ 2–4).

It is true that if MetLife were itself to bring an original proceeding against adverse claimants to its policy proceeds and if at least two of those claimants were of diverse citizenship, such an original action would lie within federal jurisdiction under 28 U.S.C. § 1335.[4] But there is nothing that MetLife asserts to vivify that hypothetical possibility, and even if it had done so that possibility would have contrasted with the present situation in much the same way that the post-*Blackburn* cases brought originally by plan fiduciaries in the District Court have been distinguished from *Blackburn* by our Court of Appeals and have been found to qualify for federal jurisdiction under ERISA (as was the case in *Wal-Mart*).

In sum, although there may perhaps be room for a difference of view on the subject, this Court holds that the ERISA preemption claimed by MetLife to confer federal jurisdiction does not trump—does not supersede—the long-established probate exception to all other potential sources of federal jurisdiction. Because then "it appears that the district court lacks subject

**2.** It may be noted parenthetically that the Supreme Court's January 22, 2001 grant of review in its No. 99–1786, *Great–West Life & Annuity Ins. Co. v. Knudson* (see 69 U.S.L.W. 3490, 3495) deals with the obverse side of the coin minted in *Blackburn*. In *Great–West's* conceptually different situation of a similar type of claims initially instituted in the federal courts *by* employee benefit plan fiduciaries, our Court of Appeals has distinguished *Blackburn* and has upheld federal jurisdiction (see, e.g., *Wal-Mart Stores, Inc. Associates' Health and Welfare Plan v. Wells*, 213 F.3d 398 (7th Cir.2000)).

**3.** Although the doctrine is often referred to in its most common incarnation as "the probate exception to federal diversity jurisdiction" (*Dragan*, 679 F.2d at 713), the quoted pronouncement in *Markham* is more sweeping than that. Its statement that federal jurisdiction over estate administration is totally absent also equates to the principle that such administration presents no federal question that could confer such jurisdiction.

**4.** Further citations to provisions of Title 28 will simply take the form "Section—."

matter jurisdiction" (Section 1447(c)) over the putative removal, the same section requires remand. And as authorized by this District Court's LR 81.2(b), the Clerk is ordered to mail the certified copy of the removal order forthwith.[5]

---

5. One of the exhibits to the Notice is a photocopy of an order of the Probate Court that had set the return date and time for the Citation as January 31, 2001 at 9 a.m. Although MetLife's attempted removal has moved the clock past that, this immediate remand will permit the prompt resumption of the Probate Court's business.