

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-21-2006

# In Re: Burgess

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1860

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: Burgess " (2006). *2006 Decisions.* Paper 1229.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1229

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-180                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-1860

_____

IN RE: REGINALD P. BURGESS,

Petitioner

_____

On a Petition for Writ of Mandamus from the
District Court for the District of Delaware
(Related to D. Del. Civ. No. 05-cv-00677-GMS)

_____

Submitted Under Rule 21, <u>Fed. R. App. P.</u>
March 30, 2006

Before: BARRY, SMITH AND NYGAARD,  <u>Circuit Judges</u>

(Filed: April 21, 2006)

_____

OPINION

_____

PER CURIAM

Petitioner Reginald Burgess asks this Court for a writ of mandamus to direct the

District Court to rule on his pending mandamus petition.  Although he alleges that an

emergency exists with respect to a property located at 1715 S. Victoria Ave., Los

Angeles, California, we find that no emergency exists and that a four-month delay is not

so long as to create a right to the writ.  We will deny the request.

1

The facts and procedural history of this case are complex. Burgess has been the plaintiff, or at least an interested party, in numerous cases in the California state and federal courts. He has also filed several suits in the Delaware federal courts. In 2001, Burgess and his ex-wife, Karen Sparks, served as caretakers for June Williams, who owned the property at 1715 Victoria Ave. Burgess convinced George Williams, one of June's sons, to transfer his property interest in the house to Sparks. See Burgess v. Williams, No. 04-09129 (C.D. Cal.). Sparks then transferred her interest to Burgess. Upon June Williams' death, John Williams, George's brother, brought a probate action in the Superior Court of Los Angeles County trying to void the property transfer to Sparks and Burgess. See No. BC263257 (Cal. Super. Ct.). The Superior Court found George Williams was incompetent at the time he made the transfer and appointed John Williams the conservator of the estate. Despite the court order, Burgess did not transfer his interest in the property to Williams, as the conservator. See In the Matter of the Conservatorship of George W. Williams, No. BP070275, orders issued Aug.-Sept. 2002 (Cal. Super. Ct.).

Although the matter continued in state court, Burgess filed a Chapter 7 Bankruptcy petition in the Bankruptcy Court for the Central District of California, automatically staying the transfer. See In re Burgess, No. 02-37195 (Bankr. C.D. Cal.). Before the stay was lifted, Burgess filed a bankruptcy petition under Chapter 11, receiving an additional stay. See In re Burgess, No. LA 04-28183-ER, slip op. at 4 n.4 (Bankr. C.D. Cal. Oct. 27, 2004). The Bankruptcy Court dismissed the Chapter 11 filing on October 27, 2004, concluding that the filing was in bad faith. Id. The United States District Court for

2

Central District of California affirmed.  See Burgess v. Williams, No. 04-cv-09129-DDP, slip op. (C.D. Cal. Jan 18, 2005).  Burgess appealed to the Court of Appeals for Ninth Circuit several times, but the Court has not provided Burgess with any of the relief he seeks.  See In re Burgess, 146 Fed. Appx. 921 (9th Cir. Oct. 25, 2005); Williams v. Burgess, 146 Fed. Appx. 924 (9th Cir. Oct. 25, 2005).

On July 21, 2005, before the Ninth Circuit ruled on his appeals, Burgess filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the Bankruptcy Court for the District of Delaware.  The main item of contention was again the distribution of the property at 1715 S. Victoria Ave.  On July 26, 2005, Burgess was evicted from the property.  We are unsure who currently holds possession.  On August 3, 2005, Burgess filed a motion for enforcement of the automatic stay pursuant to 11 U.S.C. § 362.  The appointed Trustee filed a motion for a change of venue back to the Bankruptcy Court for the Central District of California.  The Bankruptcy Court for the District of Delaware granted the Trustee's motion on September 8, 2005.

Almost immediately thereafter, Burgess filed a petition for a writ of mandamus in the United States District Court for the District of Delaware seeking a ruling preventing the Bankruptcy Court from transferring the action to California.  On December 12, 2005, Burgess filed an amended motion for the issuance of a writ.  The District Court has yet to act on the petition.  He now seeks a writ of mandamus from this Court.

II.

A writ of mandamus is an extraordinary remedy which should be invoked only in

3

extraordinary situations. See Kerr v. United States Dist. Ct., 426 U.S. 394, 402 (1976). Burgess must show that he has an indisputable right to the writ and that there exists no other adequate remedy. See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992).[1]

Some delays may be so prejudicial that they warrant mandamus relief, see Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996); Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990); Jones v. Shell, 572 F.2d 1278, 1280 (8th Cir. 1978). Normally, the four-month delay would not be so long as to warrant mandamus relief. However, Burgess alleges that an emergency exists because he will lose his property. We disagree that this is an emergency for several reasons. First, Burgess has already been evicted, eliminating the urgency in preventing the taking in the first place, and he does not allege that the property will be damaged. Second, if the District Court issued a writ reversing the transfer decision, it would not guarantee that the Bankruptcy Court will enforce the automatic stay provision. For instance, the Bankruptcy Court might decide that it lacks jurisdiction over property within the control of a state probate court, see Markham v. Allen, 326 U.S. 490, 494 (1946), or it could find that one of the exceptions to the automatic stay applies. See 11 U.S.C. § 362(b). Accordingly, Burgess does not show he has an indisputable right to writ and his petition for a writ of mandamus will be denied.

_____

[1] We note that "[m]andamus is . . . the appropriate mechanism for reviewing an allegedly improper transfer order." In re United States, 273 F.3d 380, 385 (3d Cir. 2001) (quotations and citations omitted).

4