In re: GARABED MELKONIAN TRUST, as amended December 15, 1926, Debtor.

Mesrob Mutafyan, in his fiduciary capacity as Patriarch of the Armenian Patriarchate of Constantinople, a Non–Profit Religious Association, also known as the Armenian Patriarchate of Turkey, Appellant,

v.

Armenian General Benevolent Union, a Non–Profit corporation, as Trustee of the Garabed Melkonian Trust, as amended December 15, 1926, Appellee.

No. 05–55761.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 17, 2007.

Filed May 8, 2007.

Mark MacCarley, MacCarley & Rosen, Glendale, CA, Aaron C. Gundzik, Esq., Cotton & Gundzik, LLP, Los Angeles, CA, for Appellant.

Jonathan Weissglass, Esq., Altshuler Berzon Nussbaum Rubin & Demain, San Francisco, CA, Eric Lewis, Esq., Baach, Robinson & Lewis, Washington, DC, for Appellee.

Before: FARRIS and GOULD, Circuit

Judges, and DUFFY *, District Judge.

## MEMORANDUM **

Mesrob Mutafyan ("Appellant"), as representative of the Armenian Patriarchate of Constantinople (the "Patriarchate"), appeals the district court's dismissal with prejudice of his petition to enforce an alleged charitable trust and compel an accounting under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). Appellant now argues on appeal that the judgment should be reversed because the district court (i) lacked jurisdiction because of the forum defendant rule; (ii) did not articulate its reasons for denying leave to amend; and (iii) improperly denied leave to amend under Federal Rule of Civil Procedure 15(a) ("Rule 15(a)") where Appellant had not previously amended his petition and the appellee, Armenian General Benevolent Union ("AGBU") had not yet served a responsive pleading. For the reasons stated below, the decision of the district court is affirmed.

On July 25, 1921, Garabed Melkonian ("Melkonian") made substantial gifts of real and personal property (the "Donated Properties") to the Patriarchate while imposing the obligation to liquidate them and use the funds to establish and maintain schools for Armenian boys and girls (the "Melkonian Schools"). In 1924, Melkonian revoked and cancelled all conditions, reservations, and obligations regarding the Donated Properties, creating an unconditional gift in full ownership. In 1925, the Patriarchate deeded the Donated Properties to AGBU, with the requirements that AGBU

maintain the Melkonian Schools and pay the Patriarchate 1,000 Egyptian pounds annually. In 1926, the Patriarchate and AGBU entered a written agreement (the "1926 Deed"), amending their 1925 agreement and releasing all restrictions on AGBU's ownership of the Donated Properties. However, the 1926 Deed stated that AGBU would remain personally obligated to maintain the Melkonian Schools and continue paying the Patriarchate 1000 Egyptian pounds annually while imposing a new obligation on AGBU to make an additional perpetual annual payment of 500 Egyptian pounds.

After performing its obligations for over 75 years, AGBU announced in 2004 that it would close the Melkonian School in Cyprus. On January 13, 2005, Appellant filed a petition in the Probate Department of the Los Angeles County Superior Court contending that the 1925 deed created a trust for the benefit of the Patriarchate and that AGBU had not made all of the annual payments. Appellant requested that the court compel AGBU to maintain the Melkonian School and pay any accumulated sums with interest after an accounting. AGBU removed the action to federal court on February 11, 2005 based on diversity jurisdiction. Thereafter, AGBU moved for dismissal pursuant to Rule 12(b)(6) asserting that, on its face, the 1926 Deed unambiguously refuted the possibility of the existence of any potential trust. On February 23, 2005, Appellant filed a motion in opposition to dismiss and moved to remand based solely on the "probate exception" [1] to federal jurisdiction. The

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The "probate exception" to federal jurisdiction exempts matters where (i) the district court is asked to probate a will or administer an estate; or (ii) entertaining the action would cause the district court to interfere with probate proceedings, assume general ju-

district court denied the motion to remand and granted the motion to dismiss without leave to amend and without an explanation of its decision. After entry of judgment, Appellant timely appealed.

This court reviews a district court's denial of a motion to remand and the existence of subject matter jurisdiction de novo. *D–Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 974 n. 2 (9th Cir.2004). Additionally, a district court's denial of leave to amend a complaint is reviewed for an abuse of discretion. *N. Slope Borough v. Rogstad*, 126 F.3d 1224, 1228 (9th Cir.1997). Furthermore, "[d]ismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon*, 316 F.3d 1048, 1052 (9th Cir.2003). Finally, we review a district court's dismissal for failure to state a claim de novo. *Brunette v. Humane Society*, 294 F.3d 1205, 1209 (9th Cir.2002).

■ First, Appellant contends that the district court lacked subject matter jurisdiction based on the forum defendant rule of 28 U.S.C. § 1441(b).[2] This argument is without merit as the forum defendant rule is a procedural requirement that Appellant has waived since he did not object to this defect within thirty days of removal pursuant to 28 U.S.C. § 1447(c). *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 942 (9th Cir.2006). Appellant raised the forum defendant rule for the first time on appeal, more than 7 months from the date of removal.

■ Appellant next argues that this court should reverse the district court's dismissal and denial of leave to amend because the district court did not explain its decision. A denial without explanation is only an abuse of discretion if the reasons are not "readily apparent." *Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Ind. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir.1981); *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir.1991). There is an "apparent" reason to deny leave if the proposed amendments would be futile. *Id.* at 629. All of Appellant's proposed amendments would be futile, as his claims of trust and equitable charge are clearly refuted by the plain language of the 1926 Deed and all alleged contractual obligations have been fully performed.

The district court had jurisdiction to dismiss Appellant's petition. Because Appellant's proposed amendments would be futile in stating a claim, the district court was not required to state this reason for dismissing the petition without leave to amend, which was apparent to all, and therefore did not abuse its discretion. Accordingly, the order is AFFIRMED.

---

risdiction of the probate, or control property in the custody of the state court. *Markham v. Allen*, 326 U.S. 490, 494, 66 S.Ct. 296, 90 L.Ed. 256 (1946).

2. The forum defendant rule states that a defendant may remove based on diversity jurisdiction only if none of the defendants is a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b).