NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0082n.06

No. 13-1584

## UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

**FILED**

Jan 29, 2014

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| TABITHA NAHABEDIAN, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| Plaintiff-Appellant, | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| v. | ) | MICHIGAN |
| | ) | |
| ONEWEST BAND, FSB, | ) | |
| | ) | |
| Defendant-Appellee. | ) | OPINION |
| | ) | |

BEFORE: CLAY and DONALD, Circuit Judges; MAYS, District Judge.[*]

**Samuel H. Mays, District Judge.** Plaintiff-Appellant, Tabitha Nahabedian ("Nahabedian"), appeals the district court's order finding that it had jurisdiction to decide a case asserting claims of quiet title, fraud, and failure to comply with Michigan's foreclosure by advertisement law. Nahabedian argues that the district court lacked jurisdiction because the "probate exception" to federal jurisdiction applies. The district court disagreed and found that the probate exception did not apply because the probate court did not have custody over the disputed property. We AFFIRM.

I.

---

[*]The Honorable Samuel H. Mays, Jr., United States District Judge for the Western District of Tennessee, sitting by designation.

On December 7, 2012, Nahabedian filed this case against OneWest Bank, FSB ("OneWest") in Oakland County Probate Court, seeking to quiet title to Unit 17 of the Meadowridge Condominiums, 29654 S. Meadowridge, Farmington Hills, MI 48224 (the "Meadowridge Property"), and alleging claims of fraud and failure to comply with Michigan's foreclosure by advertisement law. On January 14, 2013, OneWest removed the case to federal court. On April 12, 2013, the district court dismissed all claims as meritless. The only issue on appeal is whether the district properly exercised jurisdiction.

On July 27, 2007, Richard Nahabedian (the "Deceased") executed a mortgage and a promissory note in the amount of $206,425.00. Mortgage Electronic Registration System, Inc., the assignee of the mortgage and nominee for the lender, Quicken Loans Inc., assigned the mortgage to OneWest on December 17, 2009. On July 12, 2009, the Deceased conveyed the property by quit claim deed to himself and to his wife, Nahabedian. On April 5, 2011, OneWest's counsel, Trott & Trott, P.C., sent the Deceased a letter informing him that the Meadowridge Property was in default. The letter informed the Deceased that he had thirty days to request a meeting to work out a modification of the mortgage. The Deceased contacted IndyMac Mortgage Services, Inc., ("IndyMac"), the division of OneWest that serviced the loan, requesting a loan modification. On April 20, 2012, IndyMac confirmed receipt of the modification request, but informed the Deceased that the "Borrower Response Package" was missing. The notice asked the Deceased to submit the "complete borrower response package as soon as possible, so [IndyMac] may continue to evaluate [the] documentation for a mortgage loan modification."

On June 12, 2012, IndyMac informed the Deceased that it was "not able to fulfill [his] request for a modification due to an imminent foreclosure sale of the subject property." Notice

of the impending sheriff's sale "was duly published and a copy thereof duly posted in a conspicuous place upon the premises" of the Meadowridge Property. On June 26, 2012, a sheriff's sale was held, and OneWest purchased the property for $255,293.98. On July 20, 2012, OneWest conveyed its interest in the property by quit claim deed to the Federal National Mortgage Corporation ("Fannie Mae"). That conveyance was recorded in August 2012. Sometime thereafter, but before December 5, 2012, the Deceased passed away. On December 5, 2012, Nahabedian was appointed personal representative of the Deceased's estate. Two days later, Nahabedian filed the complaint in this action.

II.

Under 28 U.S.C. § 1291, this Court has "jurisdiction of appeals from all final decisions of the district courts of the United States." The district court's order to dismiss disposed of all issues relevant to this appeal. This Court has jurisdiction.

The district court's grant of a motion to dismiss is reviewed de novo. Kottmyer v. Maas, 436 F.3d 684, 688 (6th Cir. 2006). To survive a motion to dismiss for failure to state a claim, a complaint must allege sufficient facts that, accepted as true, "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). When determining facial plausibility, the court must construe the complaint in the light most favorable to the plaintiff. Strayhorn v. Wyeth Pharm., Inc., 737 F.3d 378, 387 (6th Cir. 2013).

The "existence of subject matter jurisdiction may be raised at any time, by any party, or even sua sponte by the court itself." Days Inns Worldwide, Inc. v. Patel, 445 F.3d 899, 904 (6th

Cir. 2006) (quoting <u>In re Lewis</u>, 398 F.3d 735, 739 (6th Cir. 2005)). It is determined by "examining the complaint as it existed at the time of removal." <u>Harper v. Auto Alliance Int'l., Inc.</u>, 392 F.3d 195, 219 (6th Cir. 2004).

III.

Nahabedian argues that the district court erred in finding that the probate court did not have custody over the Meadowridge Property. Nahabedian contends that an estate's representative is vested with broad powers to take possession of property belonging to a decedent's estate. OneWest argues that the district court was correct in finding that the probate exception did not apply because the probate court did not have "custody" over the Meadowridge Property when the district court exercised jurisdiction.

The probate exception limits "otherwise proper federal jurisdiction." <u>Marshall v. Marshall</u>, 547 U.S. 293, 308 (2006). The exception applies when exercising federal jurisdiction would affect "the possession of property in the custody of a state court." <u>Id.</u> at 310 (quoting <u>Markham v. Allen</u>, 326 U.S. 490, 494 (1946)). The exception "does not bar federal courts from adjudicating matters outside of those confines and otherwise within federal jurisdiction." <u>Id.</u> at 312.

Under Michigan law, the redemption period for foreclosed property is six months from the date of sale. MICH. COMP. LAWS §§ 600.3236, 3240(8). Upon the expiration of the redemption period, rights to the property vest in the titleholder. <u>See</u> § 600.3236. Filing suit to challenge a foreclosure before the conclusion of the redemption period does not extend the period or prevent the prior titleholder's rights from being "extinguished." <u>See</u> <u>Collins v. Wickersham</u>, 862 F.Supp.2d 649, 654 (E.D. Mich. 2012).

The sheriff's sale of the Meadowridge Property took place on June 26, 2012. Because Nahabedian did not redeem the property within six months from the date of sale, Nahabedian lost all claim to it on December 26, 2012. See Id. On that date, title to the Meadowridge Property vested in Fannie Mae, which had purchased the property from OneWest and duly recorded title. See Id. Because the probate court did not have custody over the property at the time of the district court's decision, the probate exception did not apply. See Marshall, 547 U.S. at 312; Harper, 392 F.3d at 219.

The case that Nahabedian cites, Tolosa-Taha v. Nilooban, No. CV06-00002, 2006 WL 1805692 (D. Guam 2006), does not counsel otherwise. There, the court held that the property was "in the custody of the Guam probate courts" and that exercising jurisdiction "would disturb" that possession. Id. at *2. The Tolosa-Taha court also found that it lacked subject matter jurisdiction because the amount in controversy requirement for diversity jurisdiction was not satisfied. Id. Here, the probate court did not have custody over the Meadowridge Property, and there is no allegation that the requirements of diversity jurisdiction have not been met.

IV.

The district court properly found that the probate exception to federal jurisdiction does not apply and that it could properly exercise subject matter jurisdiction. The district court's order is **AFFIRMED**.