**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3988
_____

DIANE I. ARRINGTON

v.

ERNESTINE MCRAE; ALEXANDER MCRAE;
KENNETH MCRAE; SANDRA MCRAE-HEATH;
DR. WILLIAM H. CURTIS, their fiduciary

Ida Diane Dianne Arrington, Jr.,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:14-cv-00885)
District Judge:  Honorable Cathy Bissoon
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 16, 2017

Before:  AMBRO, GREENAWAY, Jr., and SCIRICA, Circuit Judges

(Opinion filed: March 23, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In July 2014, Diane Arrington was permitted to file a complaint in forma pauperis. In her pleading, she alleged that for 12 years, by engaging in identify theft, the defendants had withheld an inheritance rightfully hers under the terms of an amendment of a will in 1972-1974. She also sought recovery for defamation, 35 years of childhood abuse, and "sabotaging recovery."

On July 9, 2014, on screening under 28 U.S.C. § 1915(e), the District Court dismissed Diane Arrington's complaint. The District Court noted that the only reference to a potential civil rights claim in the complaint was the inclusion of the phrase "14th Amendment" in the document. Because Arrington included no facts or explanation in support of the term, the District Court dismissed any civil rights claim, to the extent Arrington was raising one, under 28 U.S.C. § 1915(e)(2)(ii). The District Court otherwise explained that Arrington essentially sought to raise claims related to the filing and enforcement of a will in Pennsylvania, and a federal court is without jurisdiction to probate a will or administer an estate under Markham v. Allen, 326 U.S. 490, 494 (1946). The District Court also noted that Arrington's state law claims could not proceed because the parties were not completely diverse. Arrington moved for reconsideration in April 2016, which the District Court denied that same month (on April 27, 2016).

In September 2016, Arrington filed another motion for reconsideration. She described her difficulty retaining counsel, genealogical information, "generational identify theft," issues with her children, and a claim relating to a "forced fiduciary." She also generally asserted that her and her family's rights under the First through Eleventh,

as well as the Thirteenth and Fourteenth, Amendments were being violated. The District Court denied the motion on September 28, 2016, ruling that Arrington did not present a proper basis for reconsideration. The District Court also explained that it could not grant her motion in light of the jurisdictional problems it outlined in the order dismissing the complaint. (The District Court did tell Arrington that she was free to file a new complaint, if she so desired.)

On October 26, 2016, Arrington filed a letter that was docketed as a notice of appeal. We must first consider the scope of her appeal. To the extent that Arrington challenges the District Court's orders dismissing her complaint or denying the first motion for reconsideration, we do not have jurisdiction to consider them. The time limit of Rule 4(a)(1) (in this case, 30 days from the entry of the challenged order, see Fed. R. App. P. 4(a)(1)(A)) for commencing an appeal is mandatory and jurisdictional. See Bowles v. Russell, 551 U.S. 205, 208-14 (2007); Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978). The District Court issued its order dismissing the complaint in July 2014. Because Rule 58 of the Federal Rules of Civil Procedure required a separate document, the order was not considered entered until it was entered on the docket under Rule 79(a) of the Federal Rules of Civil Procedure and 150 days ran from the order's entry on the docket pursuant to Rule 79(a). See Fed. R. App. P. 4(a)(7)(A)(ii). Accordingly, Arrington had 180 days to file her notice of appeal from that order. See Leboon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 223 (3d Cir. 2007). She filed no notice of appeal during that time. Although the time limit could have been tolled

3

by the filing of a timely motion for reconsideration, no such motion was filed. Her motion for reconsideration, filed almost two years after the District Court dismissed the complaint, was not timely. See Fed. R. App. P. 4(a)(4)(A)(iv); Fed. R. Civ. P. 59(e).

The notice of appeal is not timely as to the first order denying reconsideration, either, so we cannot consider that order, either. No separate document was required for the decision on the motion, see Fed. R. Civ. P. 58(a), so Arrington had 30 days from April 27, 2016, to timely appeal from that order. Nothing tolled that deadline, either.

Arrington's notice of appeal is timely filed as to the order denying her second motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291 to review that decision. We review an order denying reconsideration for abuse of discretion. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). Upon review, we will summarily affirm the District Court's decision because no substantial issue is presented on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

The District Court properly denied the second motion for reconsideration. Reconsideration is warranted under limited circumstances, such as when a litigant shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [ruled]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc., 176 F.3d at 677 (citation omitted). As the District Court explained, Arrington did not provide a basis for reconsideration in her motion. Although she listed Amendments to the Constitution, she did not provide information that changed the District Court's

4

conclusions that she had not raised a civil rights claim in her original complaint and that she had jurisdictional problems in that complaint (including a lack of diversity required to bring her state law claims).

For these reasons, to the extent that we have jurisdiction over this appeal, we will affirm the District Court's judgment. The appeal is otherwise dismissed.