*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0213p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

DON WISECARVER, CAROL MCCAMY, and KAREN
SOLOMON,

           *Plaintiffs-Appellants,*

    *v.*

LORETTA MOORE and EVELYN PAGE,

           *Defendants-Appellees.*

No. 06-6046

---

Appeal from the United States District Court
for the Western District of Kentucky at Bowling Green.
No. 05-00194—Thomas B. Russell, District Judge.

Submitted: April 25, 2007

Decided and Filed: June 8, 2007

Before: SILER and GILMAN, Circuit Judges; ZATKOFF, District Judge.[*]

---

**COUNSEL**

**ON BRIEF:** John O. Threadgill, THE THREADGILL LAW FIRM, Knoxville, Tennessee, for
Appellants. Lanna M. Kilgore, Bowling Green, Kentucky, for Appellees.

---

**OPINION**

---

SILER, Circuit Judge. Don Wisecarver, Carol McCamy, and Karen Solomon (collectively,
"Plaintiffs") appeal the district court's order dismissing their complaint for lack of subject matter
jurisdiction based on the probate exception to federal diversity jurisdiction. On appeal, Plaintiffs
argue that the Supreme Court's recent narrowing of the probate exception in *Marshall v. Marshall*,
126 S.Ct. 1735 (2006), renders the exception inapplicable to this case. We AFFIRM in part and
REVERSE in part.

---

[*]The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting
by designation.

### I.

Plaintiffs are the nephew and nieces of decedent Floyd McCamy, who died testate in Butler County, Kentucky, in 2004. Loretta Moore and Evelyn Page (collectively, "Defendants"), were the primary beneficiaries of McCamy's estate. Moore also served as Executrix of McCamy's estate.

Plaintiffs filed suit in federal district court based on diversity jurisdiction, alleging "breach of fiduciary duty, and confidential relationship, undue influence, fraud, misrepresentation and procuring the execution of a will by undue influence, fraud, conspiracy and procuring and promoting a false will." The substance of Plaintiffs' claims is that the Defendants exerted undue influence on McCamy to procure his signature on testamentary documents, obtained a power of attorney which they used to their benefit, and failed to use good faith in exercising the authority granted by the power of attorney. Plaintiffs allege that they are the intended and rightful beneficiaries of McCamy's will, and as such, are entitled to $543,714.29, the amount Defendants received under the terms of McCamy's will.

Among other relief, Plaintiffs primarily seek to enjoin the Defendants from disposing of the assets they received under McCamy's will, require an accounting of all assets they received during the last two years of McCamy's life, divest Defendants of all property that should be returned to Plaintiffs as heirs, next of kin, and beneficiaries of McCamy's will, and an order declaring McCamy's will invalid.

The district court dismissed Plaintiffs' claims because it concluded that subject matter jurisdiction over Plaintiffs' claims was improper based on the probate exception. Plaintiffs filed a motion for reconsideration under Fed. R. Civ. P. 60(b), arguing that subject matter jurisdiction existed pursuant to *Marshall v. Marshall*, 126 S.Ct. 1735 (2006), decided less than a month after the district court dismissed their claims. The district court denied the motion.

### II.

We review *de novo* a district court's grant of a motion to dismiss on the basis of subject matter jurisdiction. *Nihiser v. Ohio Envtl. Prot. Agency*, 269 F.3d 626, 627 (6th Cir. 2001). When a defendant moves to dismiss for lack of subject matter jurisdiction "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

### III.

It is well-settled that "a federal court has no jurisdiction to probate a will or administer an estate . . . ." *Markham v. Allen*, 326 U.S. 490, 494 (1946). This exception, known as the probate exception, "is a practical doctrine designed to promote legal certainty and judicial economy by providing a single forum of litigation, and to tap the expertise of probate judges by conferring exclusive jurisdiction on the probate court." *Lepard v. NBD Bank*, 384 F.3d 232, 237 (6th Cir. 2004) (quoting *Cenker v. Cenker*, 660 F. Supp. 793, 795 (E.D. Mich. 1987)).

The Supreme Court delineated the probate exception's "distinctly limited scope" in *Markham*:

> [W]hile a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court, . . . it may exercise its jurisdiction to adjudicate the rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court.

*Markham*, 326 U.S. at 494. Recently, the Court noted that after *Markham*, "[l]ower courts have puzzled over the meaning of the words 'interfere with the probate proceedings' . . . ." *Marshall*, 126 S.Ct. at 1748. This ambiguous language, the Court found, was intended merely to reiterate the general rule that "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Id.* at 1748. It then clarified:

> Thus, the probate exception reserves to the state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

*Id.* Thus, it found that the plaintiff's claims for tortious interference with a gift fell outside the exception because the claim sought *in personam* relief, as opposed to relief seeking to reach the *res* over which the state court had custody.

Therefore, to the extent that Plaintiffs' claims seek *in personam* jurisdiction over the Defendants, and do not seek to probate or annul a will, the probate exception does not apply. Turning to the complaint, Plaintiffs allege, in relevant part:

> Loretta Moore and Evelyn Page exercised undue influence on Floyd C. McCamy, and procured from Floyd C. McCamy his signature on testamentary documents . . . . The plaintiffs, upon information and belief, allege that the defendants obtained a Power of Attorney from the deceased prior to his death and used that Power of Attorney for their benefit. The defendants . . . failed to use good faith in exercising the authority granted by the power of attorney.

> The defendants . . . through the use of their fiduciary and confidential relationship, with Floyd C. McCamy, prior to his death, persuaded him at a time when he was both physically and mentally incompetent, to execute a Will leaving his entire Estate to them even though the bulk of his Estate had come from the family of the plaintiffs and the deceased, Floyd C. McCamy, had stated his intent to leave the Estate to the plaintiffs.

> [Defendants] . . . used their relationship with Mr. McCamy and his frail, weak and deteriorating physical and mental condition to create animosity towards the plaintiffs and to exercise dominion and control over McCamy.

> [B]y virtue of the confidential and fiduciary relationship and the defendants' dominance over Floyd C. McCamy, defendants procured a Will from him which was not the intent or desire of Floyd C. McCamy and was designed solely for the benefit of the defendants . . . .

> [D]efendants . . . manipulated Floyd C. McCamy by means of undue pressure and undue influence in order to cause Floyd C. McCamy to execute a Will whereby the defendants were materially benefited [sic].

> Defendants . . . by way of conversion, have retained money and personal property of the deceased and have exercised dominion and control over such property as their own to [the] exclusion of the rightful owner . . . .

Liberally construed, Plaintiffs' claims for breach of fiduciary duty, breach of confidential relationship, undue influence, and fraud are not barred by the probate exception because they seek *in personam* jurisdiction over the Defendants and do not seek to probate or annul a will. Instead,

these claims allege that the Defendants received assets from McCamy during his lifetime by misusing the Power of Attorney executed by McCamy in their favor and that Plaintiffs were damaged as a result.[1]  Moreover, these assets were allegedly transferred during McCamy's lifetime and were therefore not part of his estate at his death.  Thus, these assets were not subject to the probate court's disposition of McCamy's estate.  *See Lamica v. Pierre*, No. 5:05-CV-964, 2006 WL 3423861 (N.D.N.Y. Nov. 28, 2006) (finding probate exception inapplicable to claims relating to property transferred before decedent's death).

Since *Marshall*, other circuit courts considering similar claims have also held that causes of action alleging breach of fiduciary duties, fraud, and undue influence do not necessarily fall within the scope of the probate exception.  *See Campi v. Chirco Trust UDT*, No. 05-55595, 2007 WL 628049, at *1 (9th Cir. Feb. 27, 2007) (cause of action alleging fraud, undue influence, and breach of fiduciary duties regarding property removed from a trust and never probated not barred by probate exception); *Jones v. Brennan*, 465 F.3d 304, 307-308 (7th Cir. 2006) (breach of fiduciary duty claim regarding guardian's mismanagement not barred by probate exception).  These decisions follow *Marshall*'s *in personam*/*in rem* distinction and find that the principles underlying the probate exception are not implicated when federal courts exercise jurisdiction over claims seeking *in personam* jurisdiction based upon tort liability because the claims do not interfere with the *res* in the state court probate proceedings or ask a federal court to probate or annul a will.

Even though these claims in this case seek *in personam* jurisdiction, a majority of the relief that Plaintiffs seek would involve disturbing McCamy's estate, which has already been probated.  For instance, Plaintiffs seek: (1) an order enjoining Defendants' disposition of assets received from McCamy's estate, (2) an order divesting Defendants of all property retained by them, which should be turned over to Plaintiffs as the heirs, next of kin, and intended beneficiaries of the deceased, and (3) a declaration that McCamy's probated will be declared invalid and that Defendants be denied any of the benefits of McCamy's will.  Granting this relief is precisely what the probate exception prohibits because it would require the district court to dispose of property in a manner inconsistent with the state probate court's distribution of the assets.  *Marshall*, 126 S.Ct. at 1748.

However, Plaintiffs also seek two forms of relief which would not implicate the probate exception.  First, they seek an accounting of assets received during the last two years of McCamy's life.  As mentioned above, the removal of these assets from McCamy's estate during his lifetime removes them from the limited scope of the probate exception.  Second, they seek a monetary judgment in an amount to be determined in relation to the assets so removed.

Plaintiffs' remaining claims, those seeking money damages and other remedies relating to the procurement and promotion of a false will, are barred by the probate exception.  These claims challenge the validity of McCamy's will and would require the district court to "disturb or affect the possession of property in the custody of a state court" because the state court already probated McCamy's estate.  *Jones*, 465 F.3d at 307-08.  These claims clearly involve the probate or annulment of a will and thus are barred by the probate exception.

AFFIRMED in part and REVERSED in part.

---

[1]We are careful to limit Plaintiffs' claims to money damages related to the allegedly improper *inter vivos* transfers.  To the extent that Plaintiffs' claims for breach of fiduciary duty, fraud, or undue influence seek money damages equal to the amount of the probate disbursements, awarding such damages would clearly be prohibited by the probate exception since it would be tantamount to setting aside the will.