**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0499n.06
Filed: August 14, 2008

**07-3947**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| THOMAS McGRADY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| UNITED STATES POSTAL SERVICE, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellee. | ) | |

Before: DAUGHTREY and MOORE, Circuit Judges; DUGGAN,[*] District Judge.

**PER CURIAM.** Former Postal Service employee Thomas McGrady appeals the district court's dismissal of his declaratory judgment action, in which he sought a ruling that the Postal Service (USPS) had failed to credit him properly with service points reflective of his status as a disabled veteran, in violation of the Veteran's Employment Opportunities Act of 1998 (VEOA or Act), 5 U.S.C. § 3330a. McGrady claims that the district court erred in dismissing his claim for lack of subject matter jurisdiction, contending (1) that because the relief he sought was equitable rather than legal, sovereign immunity was waived and (2) that the crediting error constituted a continuing violation remediable under the VEOA. We conclude that sovereign immunity was improperly invoked in this case but that the

---

[*]The Hon. Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

district court correctly determined that subject matter jurisdiction could not be established because the miscalculation of service points in McGrady's case predated the effective date of the Act and the continuing violation doctrine was inapplicable.

The record establishes that McGrady served in the United States Navy and was honorably discharged after he was injured in the course of his military service. In 1981, he took a competitive examination for employment with the USPS, at which time he was rated as 10 percent disabled by the Veterans' Administration. He brought his disability status to the attention of the USPS during the application process but, apparently through a clerical error, it was not properly recorded. McGrady was not hired by the USPS until 1984, when he was appointed to a career position as a postal distribution clerk.

In 1996, the USPS notified McGrady that "an administrative error may have been made" in his personnel file because he was credited with only five preference points as a veteran, instead of the ten points to which he was entitled as a *disabled* veteran. In 2005, after voluntary separation from the USPS, McGrady filed a complaint against the postal service in district court seeking declaratory relief under 28 U.S.C. §§ 2201-02, claiming that the actions of the USPS violated his rights as a disabled veteran under 5 U.S.C. § 2108, which is the legislative source of the preferential-points system; under 5 C.F.R. § 332.401, which requires that federal personnel who are veterans be accorded proper credit; and under 5 U.S.C. § 2302(b), which prohibits a USPS employee from taking a personnel action that would violate a veterans' preference requirement. Specifically, McGrady sought

a "declaration of his rights in his employment relationship with the USPS" and injunctive relief in the form of "retrospective re-calculation of [his] pension, vacation, and other economic benefits arising from his former employment with the U.S. Postal Service."

The USPS moved to dismiss for lack of subject matter jurisdiction and asserted sovereign immunity. In response, plaintiff claimed to be protected under both the VEOA and the Administrative Procedure Act (APA), 5 U.S.C. §§ 551-59. The district court dismissed the complaint on alternative grounds, holding, first, that it was barred by sovereign immunity because "what the plaintiff wants is money, not a simple declaration that he has been wronged." The district court further held that the VEOA did not become effective until October 31, 1998, and is not retroactive, thus affording the plaintiff no relief for an error made in 1981, of which he had official notice in 1996. The court ruled that while the *effects* of the miscalculation might have continued past the effective date of the VEOA, the "continuing violation doctrine" was inapplicable in this matter, relying on *Bell v. Ohio State University*, 351 F.3d 240, 247 (6th Cir. 2003), because the underlying activity itself had not continued but was completed in 1981. Finally, citing 39 U.S.C. § 410(a) and *Ryon v. O'Neill*, 894 F.2d 199, 204 (6th Cir. 1990), the district court noted that the APA is inapplicable to the USPS and that review of personnel actions is not available under the APA or other general jurisdiction statutes.

On appeal, the plaintiff contends that the district court's jurisdiction can be upheld on the basis of the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the federal

question statute, 28 U.S.C. § 1331.  Unfortunately for the plaintiff, neither of those statutes creates an independent right of action that would entitle the plaintiff to relief.  Moreover, he now appears to concede that the VEOA is not retroactive, relying instead on the argument made in the district court that the violation in this case was a continuing one that brought the statutory violation within the reach of the VEOA.

"We review *de novo* a district court's grant of a motion to dismiss on the basis of subject matter jurisdiction.  When a defendant moves to dismiss for lack of subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion."  *Wisecarver v. Moore*, 489 F.3d 747, 749 (6th Cir. 2007) (internal citations and quotation marks omitted).  We concur in the district court's determination that the plaintiff did not discharge his burden in this regard, although it appears that district court was incorrect with regard to its ruling on the right of the USPS to claim sovereign immunity, which was statutorily waived by Congress in 39 U.S.C. § 401(1).  *See Franchise Tax Bd. v. United States Postal Serv.*, 467 U.S. 512, 518-20 (1984).

Nevertheless, the district court was correct in holding that the plaintiff cannot rely on the VEOA to establish jurisdiction in this case.  As the court noted, the Act became effective on October 31, 1998; it set up a statutory scheme for dealing with alleged violations of the veterans' preference system that replaced a less formal arrangement in use under earlier preference schemes.  By its own terms, the Act is not retroactive.  *See generally* 5 U.S.C. §§ 2108, 3309, 3330a.  Indeed, the current administrative requirements

that must be exhausted prior to commencement of an action in district court mandate the filing of a complaint with the Secretary of Labor within 60 days of an alleged violation and the filing of an appeal to the Merit Systems Protection Board within a specified period if no resolution results from that complaint. *See* 5 U.S.C. §§ 3330a(a)(2)(A), (d)(1). Obviously, because the new procedure did not go into operation until 1998, there would be no possible way to meet the statutory limits if the violation in question occurred in 1981, even if we were to hold that the 60-day period ran from the date of notification in 1996. *See Lapuh v. Merit Sys. Prot. Bd.*, 284 F.3d 1277, 1280-81 (Fed. Cir. 2002).

The district court was also correct in rejecting the plaintiff's continuing violation theory. As the defendant notes, that theory constitutes an exception "to the usual rule that statutes of limitations are triggered at the time the alleged [violation] occurred." *Alexander v. Local 496, Laborers' Int'l Union*, 177 F.3d 394, 408 (6th Cir. 1999). "[W]here there is an ongoing, continuous series of discriminatory acts, they may be challenged in their entirety as long as one of those discriminatory acts falls within the limitations period." *Haithcock v. Frank*, 958 F.2d 671, 677 (6th Cir. 1992). The theory does not extend to the mere *effects* of a discrete act, where the act itself does not fall within the limitation period. *See Ledbetter v. Goodyear Tire & Rubber Co.*, 127 S. Ct. 2162, 2169 (2007).

For the reasons set out above, we uphold the district court's determination that it lacked subject matter jurisdiction in this matter and AFFIRM the judgment entered by the district court dismissing the complaint on that basis.