RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 25a0294p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────

AMOS C. JOHNSON, M.D., individually and as Trustee
of the Johnson Family Trust; JOHNSON FAMILY TRUST,
                              *Plaintiffs-Appellants*,

       *v.*

RITA ELIZABETH JOHNSON, individually and as
personal representative of the estate of Majorie
Johnson,
                              *Defendant-Appellee*.

No. 24-2058

─────────────

Appeal from the United States District Court for the Eastern District of Michigan at Detroit.
No. 2:24-cv-11673—Robert Jerome White, District Judge.

Decided and Filed:  October 24, 2025

Before:  STRANCH, BUSH, and DAVIS, Circuit Judges.

─────────────

## COUNSEL

**ON BRIEF:**  Robin H. Kyle, Detroit, Michigan, for Appellants.  Mark K. Wasvary, MARK K. WASVARY PC, Troy, Michigan, for Appellee.

─────────────

## OPINION

─────────────

JOHN K. BUSH, Circuit Judge.  In this appeal we consider whether a federal district court had subject matter jurisdiction to compel arbitration of a pending state court proceeding to probate and determine the assets of a decedent's estate.  We hold that it did not and **AFFIRM**.

# I.

In 2000, Amos G. Johnson and his wife, Marjorie Johnson, established the Johnson Family Trust, naming their son, Appellant Amos C. Johnson, M.D., as the first successor trustee. Amos G. Johnson died in 2007, and Marjorie Johnson died in 2020. This case involves the proceedings to probate Mrs. Johnson's estate.

Mrs. Johnson's daughter, Rita E. Johnson, was appointed as the executrix of her mother's estate by the probate court in Wayne County, Michigan. The daughter initiated two probate proceedings in that court to determine the ownership of some of her mother's assets. The proceedings center on a pour-over provision in the decedent's will[1] and whether some of her assets belong to the Trust (and therefore pass outside of probate) or the estate (and therefore pass through probate).

The Trust has language requiring that all disputes related to it be sent to arbitration. When Rita Johnson (the daughter) initiated the probate proceedings, Amos C. Johnson (the son) asked the state court to compel arbitration, and it refused.

Amos C. Johnson and the Trust then filed this action in the Eastern District of Michigan, seeking to compel arbitration of the probate proceedings under § 4 of the Federal Arbitration Act (FAA), 9 U.S.C. § 4. After Rita Johnson answered, her brother and the Trust moved for judgment on the pleadings. Before considering the motion for judgment on the pleadings, the district court ordered plaintiffs to show cause why the case should not be dismissed for lack of subject matter jurisdiction "because of (1) the probate exception, (2) the prior-exclusive-jurisdiction doctrine, or because (3) the parties are not citizens of different states." R. 7, Order to Show Cause, PageID 240.

The district court then dismissed the case for lack of subject matter jurisdiction. It first explained that plaintiffs' invocation of federal question jurisdiction was "entirely unfounded" because the FAA does not provide "an independent basis for subject matter jurisdiction." R. 13,

---

[1]A pour-over provision sends some or all of the testator's property into a trust upon the testator's death. *See, e.g.*, *Matter of Ests. of Leggett*, 378 N.W.2d 467, 467 (Mich. 1985); George G. Bogert, et al., *Bogert's the Law of Trusts and Trustees* § 105 (May 2025 Update).

Opinion and Order, PageID 389 (quoting *Bay Shore Power Co. v. Oxbow Energy Sols., LLC*, 969 F.3d 660, 664 (6th Cir. 2020)).   The district court then explained that it lacked diversity jurisdiction because the proceedings in the state court were brought *in rem*, and the proceeding in federal court "would interfere with the state probate court's custody over the disputed assets" by "plac[ing] them at the disposal of the arbitral body charged with adjudicating the dispute."  R. 13, Opinion and Order, PageID 395.

This appeal followed.

## II.

The district court resolved this case on the pleadings, so we will treat the district court's order as an order sustaining a facial attack on its subject matter jurisdiction.  *See Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014) ("A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)."); *see also W6 Rest. Grp., Ltd v. Loeffler*, 140 F.4th 344, 349 (6th Cir. 2025) ("A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction." (quoting *Cartwright*, 751 F.3d at 759)).  We review de novo the district court's ruling, accepting the facts in the complaint as true and drawing all reasonable inferences in plaintiffs' favor.  *See, e.g.*, *Enriquez-Perdomo v. Newman*, 54 F.4th 855, 861 (6th Cir. 2022).

## III.

"Federal courts are courts of limited jurisdiction.  Unlike state trial courts, they do not have general jurisdiction to review questions of federal and state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve."  *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008) (per curiam).  Under the Constitution, federal courts have subject matter jurisdiction over "all Cases, in Law and Equity," involving (1) federal law, (2) ambassadors, (3) maritime or admiralty law, (4) disputes between States, (5) disputes between States and citizens of their sister States, (6) disputes between citizens of different States, (7) disputes over land grants issued by multiple States, and (8) suits between an American and a foreigner.  U.S. Const. art. III, § 2, cl. 1.

Two important caveats, however, are relevant here.  *First*, Congress has the right to restrict the lower federal courts' jurisdiction through its power to create them.  As a result, if Congress does not confer jurisdiction on the lower federal courts, then they cannot hear the case, even if it falls within one of the eight categories in Article III.  *See, e.g.*, *Kline v. Burke Const. Co.*, 260 U.S. 226, 233–34 (1922); *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 9 (1799). *Second*, in cases seeking equitable relief, the federal courts' subject matter jurisdiction is no broader than the subject matter jurisdiction that the English chancery courts had in 1789.  *See, e.g.*, *Trump v. CASA, Inc.*, 606 U.S. 831, 841–42 (2025).

This case hinges on the interaction of these two caveats.

***First*, the requirement that Congress create a basis for federal jurisdiction.**  As noted, plaintiffs brought this action under § 4 of the FAA.  Under § 4, "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court *which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties*, for an order directing that such arbitration proceed in the manner provided for in such agreement."  9 U.S.C. § 4 (emphasis added).  The Supreme Court has said that § 4 does not, by itself, grant federal question jurisdiction under 28 U.S.C. § 1331 over petitions to enforce an arbitration agreement.  *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983); *Badgerow v. Walters*, 596 U.S. 1, 4 (2022). Instead, the federal courts have subject matter jurisdiction to compel arbitration under § 4 only if they would have jurisdiction over the dispute purportedly subject to arbitration.  *See Vaden v. Discover Bank*, 556 U.S. 49, 62–63 (2009).[2]  As applied here, that means the district court had subject matter jurisdiction over this action only if it would have had subject matter jurisdiction over the state court probate proceedings.

***Second*, the limitation on the federal courts' equitable jurisdiction.**  The federal courts have "jurisdiction over all suits in equity."  *CASA*, 606 U.S. at 841 (quoting Judiciary Act

---

[2]The well-pleaded complaint rule still applies, even when we are conducting a look-through analysis, so when a plaintiff wants to invoke federal question jurisdiction under § 4 of the FAA, the underlying dispute must arise under federal law.  *See Vaden v. Discover Bank*, 556 U.S. 49, 60–61, 66 (2009).

of 1789, § 11, 1 Stat. 73, 78 (1789)) (cleaned up). "Though flexible, this equitable authority is not freewheeling." *Id.* Rather, the federal courts' "equity jurisdiction . . . is the same that the High Court of Chancery in England possesse[d]" at the Founding. *Payne v. Hook*, 74 U.S. (7 Wall.) 425, 430 (1868); *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 318–19 (1999). At the Founding, the English chancery courts lacked jurisdiction over probate matters.**[3]** *Markham v. Allen*, 326 U.S. 490, 494 (1946).

That rule has given rise to the probate exception to federal jurisdiction. "[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006). It does not, however, limit our ability to adjudicate other disputes simply because those actions would ordinarily be litigated in a State's probate courts. *See id.* For example, even if a State gives its probate courts exclusive jurisdiction over all actions against a trustee, *see, e.g.*, Mich. Comp. Laws §§ 700.1302 and 700.7203, federal courts may exercise jurisdiction if the action seeks to establish the beneficiary's rights *against* the trustee (say, in a damages suit for breach of fiduciary duty), *Markham*, 326 U.S. at 494.

When a plaintiff is not asking the court to probate a will or administer an estate (as is true of this case), we have established a two-part test for determining whether the probate exception applies. At step one, we ask whether the court is asserting *in personam* or *in rem* jurisdiction. *See Wisecarver v. Moore*, 489 F.3d 747, 750 (6th Cir. 2007). If the court is asserting *in personam* jurisdiction, our analysis is at an end and the probate exception does not apply. *See id.* If the court is asserting *in rem* or quasi *in rem* jurisdiction, we proceed to step two and ask whether the suit "would require the district court 'to disturb or affect the possession of property in the custody of a state court.'" *Id.* at 751 (quoting *Jones v. Brennan*, 465 F.3d 304, 307–08 (7th Cir. 2006)); *Cartwright*, 751 F.3d at 761. Put differently, we must determine whether the plaintiff "has asked a federal court to elbow its way into an ongoing fight over a property or a

---

**[3]**Some jurists have questioned whether this correctly characterizes the history, *see, e.g.*, *Chevalier v. Est. of Barnhart*, 803 F.3d 789, 799–800 (6th Cir. 2015), but the Supreme Court recognizes the doctrine, so the issue is academic at this point.

person in another court's control." *Chevalier v. Est. of Barnhart*, 803 F.3d 789, 802 (6th Cir. 2015) (quoting *Struck v. Cook Cnty. Pub. Guardian*, 508 F.3d 858, 860 (7th Cir. 2007)) (cleaned up). We have said that an action is *in rem* when the dispute is over "the title to property and the rights of the parties, not merely among themselves, but also against all persons at any time claiming an interest in that property[.]" *Id.* Step two is a corollary of the age-old equitable rule that the first court to assert *in rem* jurisdiction has exclusive jurisdiction over the *res*. *See, e.g.*, *Marshall*, 547 U.S. at 311.

## IV.

Applying the two foregoing rules, we can make short work of the attempt by Mr. Johnson and the Trust to assert federal question jurisdiction. A proceeding under § 4 of the FAA does not raise a federal question simply because it was brought under § 4 of the FAA. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 25 n.32. Rather, we must "look through" to the underlying dispute that plaintiffs want to arbitrate and see if the complaint filed in state court raises a federal question. *See, e.g.*, *Vaden*, 556 U.S. at 62–63. The probate proceeding Rita Johnson initiated in state probate court is plainly a state law dispute—federal law does not govern the interpretation of a will. So the district court lacked federal question jurisdiction.[4]

In their brief, plaintiffs cite several cases saying that § 4 of the FAA provides a vehicle for enforcing arbitration agreements involving interstate commerce and thus support the district court's jurisdiction. But those cases say that the FAA is an exercise of Congress' full interstate commerce powers, not that the federal courts have jurisdiction to compel arbitration pursuant to all agreements that involve interstate commerce. *See Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 271 (1995) ("In 1967, however, this Court held that the Act is based upon and confined to the incontestable federal foundations of control over interstate commerce and over admiralty." (quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 405 (1967)) (cleaned up)).

---

[4]We therefore need not address whether the probate exception applies to federal question cases. *See Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 4 (2023) (holding "that we can address jurisdictional issues in any order we choose").

We can similarly dispose of plaintiffs' attempt to assert diversity jurisdiction.[5]  The state court probate proceedings are plainly *in rem* proceedings.  The core of the probate case is whether certain pieces of real and personal property belong to Mrs. Johnson's estate or whether they belong to the Trust.  That is a dispute over the title to property—a classic *in rem* proceeding.  By appointing Rita Johnson as the executrix of the estate, the state probate court took possession of the property as a matter of federal law.  *See, e.g.*, *Yonley v. Lavender*, 88 U.S. (21 Wall.) 276, 280 (1874) (holding that, upon the appointment of an executrix, the decedent's property comes under the custody and control of the probate court as a matter of federal law).  By wresting control of that property away from the probate court and giving it to an arbitral panel, the district court would have been interfering with the possession of property within the control of the state probate court.  The district court therefore lacked subject matter jurisdiction.

## V.

Under § 4 of the FAA, a federal court cannot send a dispute to arbitration unless the federal court would have had jurisdiction over that dispute.  The district court would not have had jurisdiction over the probate actions, so it lacked jurisdiction to send them to arbitration.  Its judgment is therefore **AFFIRMED**.

---

[5]We are not convinced that the parties are completely diverse because Rita Johnson's citizenship (as the executrix of Mrs. Johnson's estate) would be Michigan because that is where the decedent was a citizen, and plaintiffs are deemed citizens of Michigan.  *See* 28 U.S.C. § 1332(c)(2).  But we can address jurisdictional faults in any order, so we need not resolve the issue.  *See Acheson Hotels*, 601 U.S. at 4.