# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 16-31176
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 21, 2017

Lyle W. Cayce
Clerk

———————

FIRNIST J. ALEXANDER,

      Plaintiff–Appellant,

v.

HONORABLE KERN REESE; ESQUIRE T. COLLETTE WHITE; ESQUIRE COREY PIERCE; ESQUIRE KEN LEDOUX; FIRST NATIONAL BANK COMMERCE BANK,

      Defendants–Appellees.

———————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-3556

———————

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

     Firnist J. Alexander brought 42 U.S.C. §§ 1983 and 1985 claims against

Judge Kern Reese, T. Collette White, Corey Pierce, First NBC Bank,[1] and Ken

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] On appeal, Alexander identifies this party as "First National Bank Commerce Bank." However, First NBC Bank has stated that no such entity exists and that the action was originally brought against First NBC Bank.

No. 16-31176

LeDoux (collectively, "Appellees"), alleging that they conspired to deprive him of due process in connection with his aunt's succession proceeding. The district court granted Appellees' motions to dismiss. We AFFIRM.

## I. BACKGROUND

In 2011, while his aunt, Gwendolyn S. Walker, was still living, Firnist J. Alexander filed an interdiction proceeding in the Civil District Court for the Parish of Orleans. The matter was randomly assigned to Judge Kern Reese. After Walker passed away in July 2013, Alexander, who was one of Walker's heirs, filed a succession proceeding in the Civil District Court and moved to be named as administrator of Walker's estate. The succession was randomly assigned to Judge Michael Bagneris, but because Judge Reese had presided over the prior interdiction proceeding, Judge Bagneris transferred the succession to Judge Reese pursuant to Article 253.2 of the Louisiana Code of Civil Procedure and Appendix 9.3 of the Rules for Louisiana District Courts.[2] In addition, Alexander's sister, Margaret Alexander Williams, filed an affidavit arguing that Alexander should not be appointed as the independent administrator of Walker's estate. Judge Reese appointed a succession attorney, T. Collette White, as the provisional administrator. Corey Pierce served as White's counsel.

In accordance with Louisiana rules, White deposited the succession funds into a checking account at First NBC Bank. Ken LeDoux served as the bank's counsel. Alexander filed several motions with the Civil District Court over the course of the succession proceeding, including multiple motions to have White removed as administrator and to have Alexander take her place. White was not removed as administrator. Judge Reese granted various continuances and held multiple hearings in connection with the succession.

---

[2] The transfer order indicated that Alexander did not object.

No. 16-31176

Alexander alleges that at one hearing, White presented Judge Reese with bills that she had previously represented had been paid. Alexander also claims that White filed a false accounting with the court as well as fraudulent succession petitions for his grandmother and uncle.

In 2015, Alexander filed a motion to recuse Judge Reese, arguing that Judge Reese did not have jurisdiction over the proceeding and was biased in appointing White as administrator and failing to hear his motions to remove her. Judge Ethel Julien subsequently denied the motion, holding that the transfer of the succession from Judge Bagneris to Judge Reese "was appropriate under the applicable codal article and rules of court," that Judge Reese "exercised the powers granted to him by C.C.P. articles 3111 and 3112 and appointed Ms. White as Provisional Administrator of the Succession," and that Judge Reese "had good grounds for the decisions he has made and the continuances he has granted."

Before Judge Reese could hold any further hearings, Alexander filed a pro se action in federal district court under 42 U.S.C. §§ 1983 and 1985. He claimed that Appellees conspired to deprive Walker's heirs of their property by impeding the progress of the succession and thereby deprived Alexander of his rights under the First, Fifth, and Fourteenth Amendments. Alexander also filed a motion seeking to have the funds from Walker's succession deposited into the federal district court's registry, which the district court subsequently denied. Appellees moved to dismiss Alexander's lawsuit. Alexander then moved to strike Pierce's motion to dismiss, arguing that Pierce's answer had not been timely filed. The district court granted Appellees' motions to dismiss and held that Alexander's motion to strike was moot because the district court had granted Pierce leave to file his motion to dismiss. This appeal followed. Alexander now argues that the district court erred by dismissing his § 1983

3

claims against Appellees, by not requiring the succession funds to be deposited in the district court's registry, and by denying his motion to strike.[3]

## II. DISCUSSION

### A.     Claims Against Judge Reese

We review "motions to dismiss pursuant to Rule 12(b)(6) de novo, 'accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff.'" *Ibe v. Jones*, 836 F.3d 516, 524 (5th Cir. 2016) (quoting *Toy v. Holder*, 714 F.3d 881, 883 (5th Cir. 2013)). The Supreme Court has made clear that "generally, a judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9 (1991). "[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* at 11. Instead, "immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 11–12 (citations omitted).

In determining whether a judge's actions were "judicial in nature," we consider four factors:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

---

[3] Although he does not seem to press the issue on appeal, to the extent that Alexander attempts to appeal the dismissal of his § 1985 conspiracy claim, we affirm for the reasons given by the district court.

No. 16-31176

*Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993). In his complaint, Alexander alleged that Judge Reese took numerous actions in bad faith during the pendency of the succession proceeding. But all of the alleged actions were part of the normal judicial function, occurred in the courtroom or Judge Reese's chambers, centered on the succession proceeding pending before the court, and arose directly out of Alexander's visits and interactions with Judge Reese during various hearings relating to the succession. Therefore, it is clear that Judge Reese's actions were judicial in nature.

Alexander also argues that Judge Reese is not entitled to judicial immunity because he completely lacked jurisdiction over the succession proceeding after it was transferred to him from another judge. "Where a court has some subject-matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993). Article 253.2 of the Louisiana Code of Civil Procedure states that in general, "[a]fter a case has been assigned to a particular section or division of the court, it may not be transferred from one section or division to another section or division within the same court."[4] But Article 253.2 also includes an exception, which indicates that "the supreme court, by rule, may establish uniform procedures for reassigning cases under circumstances where an expeditious disposition of cases may be effectuated." Consistent with that exception, Rule 9.3 of the Rules for Louisiana District Courts provides that "[t]he method of allotment for each district court is set forth in Appendix 9.3," which in turn provides that in the Civil District Court for the Parish of Orleans, "subsequent but related cases should be transferred to the division to which the original

---

[4] Each judge on the Civil District Court for the Parish of Orleans presides over a separate division.

5

case was allotted, whether or not such earlier case is still pending."[5] Because Judge Reese presided over the original case (Walker's interdiction), the subsequent case (Walker's succession) was properly transferred to Judge Reese in accordance with Article 253.2, Rule 9.3, and Appendix 9.3. Thus, Judge Reese properly exercised jurisdiction over the matter under Louisiana law.

In summary, we hold that Judge Reese was acting within his judicial capacity and had jurisdiction over the succession proceeding. The district court did not err in granting Judge Reese judicial immunity.

## B. Claims Against the Other Defendants

As previously noted, we review "motions to dismiss pursuant to Rule 12(b)(6) de novo." *Ibe*, 836 F.3d at 524. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* We "apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel," but they "must still brief the issues and reasonably comply with the standards" of Federal Rule of Appellate Procedure 28. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam). In a § 1983 action, a court must determine "whether the two essential elements . . . are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the

---

[5] The Rules for Louisiana District Courts have been adopted by the Louisiana Supreme Court. *First Bank & Trust v. Simmons*, 165 So. 3d 1025, 1038 (La. Ct. App. 2015). In *First Bank & Trust*, a Louisiana court of appeal held that "interdivisional transfers [are] permitted by a Supreme Court rule" (i.e., Rule 9.3) and are thus proper under Article 253.2. *Id.* at 1035.

Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

The district court held that Alexander could not maintain § 1983 claims against White, Pierce, First NBC Bank, and LeDoux because Alexander did not "have a viable § [1983] claim against Judge Reese . . . due to Judge Reese's judicial immunity." This reasoning was erroneous. "Private persons, jointly engaged with state officials in . . . challenged action, are acting 'under color' of law for purposes of § 1983 actions." *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980). Thus, when private parties conspire with a judge, "it is of no consequence . . . that the judge himself is immune from damages liability"—a plaintiff can still bring a § 1983 action against those private parties. *Id.* at 28–29. The claims against White, Pierce, First NBC Bank, and LeDoux should not have been dismissed simply because Judge Reese was entitled to judicial immunity.

Nevertheless, Alexander has failed to state claims upon which relief may be granted. Alexander's complaint alleges that White, Pierce, First NBC Bank, and LeDoux engaged in various questionable actions in connection with the succession. But on appeal, Alexander has not explained how any of the alleged conduct deprived him of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt*, 451 U.S. at 535. Nor has Alexander cited any factually similar cases in support of his contention that the actions violated his constitutional or statutory rights. Based solely upon the facts alleged in the complaint, we are unable to reasonably infer that these Appellees engaged in any actions that might subject them to liability under § 1983. Accordingly, we hold that the district court properly dismissed Alexander's claims against White, Pierce, First NBC Bank, and LeDoux.

No. 16-31176

## C.     Deposit of Funds

Next, Alexander argues that the district court erred by not requiring the funds from Walker's succession to be deposited in the registry of the federal district court. A federal court has "jurisdiction to entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish their claims,'" but the federal court cannot "interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." *Markham v. Allen*, 326 U.S. 490, 494 (1946). Accordingly, the federal district court in the instant case did not have jurisdiction to assume control of property in the custody of the state court and thus did not err by declining to order that the funds from Walker's estate be deposited in the federal district court's registry.

## D.     Timeliness of Pierce's Pleadings

Finally, Alexander argues that his motion to strike Pierce's pleadings should have been granted because Pierce did not timely respond to the complaint. "This court reviews a motion to strike for abuse of discretion." *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007). Federal Rule of Civil Procedure 12(a)(1)(A) provides that a defendant must generally serve an answer "within 21 days after being served with the summons and complaint." However, because Pierce was never properly served with the summons and complaint, the 21-day time limit for filing an answer never began to run. His motion to dismiss was thus timely, and the district court could consider it.

Alexander sent the summons and complaint to Pierce by mail. Yet Federal Rule of Civil Procedure 4(e) provides that individuals within "a judicial district of the United States" may be served only by (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made,"

8

(2) "delivering a copy of the summons and of the complaint to the individual personally," (3) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or (4) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Under Louisiana law, service must generally be "either personal or domiciliary."[6] La. Code Civ. Proc. art. 1231. Alexander has not directed us to any exception to that general rule that applies to the instant case. And although other sections of Rule 4 allow for certain types of parties to be served by mail, Rule 4(e) does not allow for an individual within a judicial district of the United States to be served by mail unless such service is permitted by state law.

Thus, Pierce was not properly served. We hold that the district court did not abuse its discretion in declining to grant Alexander's motion to strike Pierce's pleadings.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal of the case. We DENY as moot the motion to substitute Federal Deposit Insurance Corporation as the proper party for First NBC Bank.

---

[6] "Domiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment." La. Code Civ. Proc. art. 1234.