# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 9, 2013

Lyle W. Cayce
Clerk

No. 12-20164

CANDACE LOUISE CURTIS,

Plaintiff-Appellant

v.

ANITA KAY BRUNSTING; DOES 1-100; AMY RUTH BRUNSTING,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, SMITH, and ELROD, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

This appeal concerns the scope of the probate exception to federal subject-matter jurisdiction in the wake of the Supreme Court's decision in *Marshall v. Marshall*.[1] The Plaintiff contends that, under *Marshall*, her claims for breach of fiduciary duty against the co-trustees of an inter vivos trust do not implicate the probate exception. We agree.

---

[1] 547 U.S. 293 (2006).

No. 12-20164

## I.

In 1996, Elmer H. and Nelva E. Brunsting, Texas residents, established the Brunsting Family Living Trust ("the Trust") for the benefit of their offspring. At the time of its creation, the Trust was funded with various assets. Both the will of Mr. Brunsting and the will of Mrs. Brunsting (collectively "the Brunstings' Wills") appear to include pour-over provisions, providing that all property in each estate is devised and bequeathed to the Trust.[2] Elmer H. Brunsting passed away on April 1, 2009, and Nelva E. Brunsting passed away on November 11, 2011. The current dispute arises out of the administration of the Trust.

Candace Curtis, Anita Brunsting, and Amy Brunsting are siblings. In February 2012, Candace Curtis ("Curtis") filed a complaint in federal district court against Anita Brunsting and Amy Brunsting (collectively "the Defendants") based on diversity jurisdiction. In that complaint, she alleged that Anita and Amy, acting as co-trustees of the Trust, had breached their fiduciary duties to Curtis, a beneficiary of the Trust. Specifically, she alleged that Anita and Amy had misappropriated Trust property, failed to provide her documents related to administration of the Trust, and failed to provide an accurate and timely accounting. The complaint alleged claims for breach of fiduciary duty, extrinsic fraud, constructive fraud, and intentional infliction of emotional distress. Curtis sought compensatory damages, punitive damages, a temporary restraining order against "wasting the estate," and an injunction compelling both an accounting of Trust property and assets as well as production of documents and accounting records.

On March 1, 2012, the district court denied Curtis's application for a temporary restraining order and injunction because the Defendants had not

---

[2] The signed copies of the Brunstings' Wills are not included in the record, but Curtis provided unsigned copies, which we assume match the signed versions that have been admitted to probate.

been served with process. In the order, the district court judged noted that it "appears that the court lacks subject matter jurisdiction over the claim(s) asserted." On March 6, 2012, in response to the lis pendens Curtis had filed related to property in Texas and Iowa, Anita and Amy filed an emergency motion to remove the lis pendens. The motion noted that it was subject to the Defendants' contention that the federal district court lacked subject matter jurisdiction under the probate exception to federal court jurisdiction, an issue that the Defendants said would be raised in a separate Rule 12(b) motion to dismiss. On March 8, 2012, following a telephone conference with the parties, the district court judge entered a *sua sponte* order dismissing the case for lack of subject matter jurisdiction. In doing so, he concluded that the case falls within the probate exception to federal diversity jurisdiction. This appeal followed.

## II.

This Court reviews *de novo* a district court's dismissal for lack of subject-matter jurisdiction.[3]

## III.

Although a federal court "has no jurisdiction to probate a will or administer an estate,"[4] in *Markham v. Allen*, the Supreme Court recognized that the probate exception does not bar a federal court from exercising jurisdiction over all claims related to such a proceeding:

> [F]ederal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatees and heris' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume

---

[3] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 170 (5th Cir. 2009).

[4] *Markham v. Allen*, 326 U.S. 490, 494 (1946).

general jurisdiction over the probate or control of the property in the custody of the state court.

> Similarly while a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court, it may exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court.[5]

Sixty years later, in *Marshall v. Marshall*, the Supreme Court expressed concern with lower courts' interpretation of *Markham*, noting that "[l]ower federal courts have puzzled over the meaning of the words 'to interfere with the probate proceedings,' and some have read those words to block federal jurisdiction over a range of matters well beyond probate of a will or administration of a decedent's estate."[6] Thus, the Supreme Court clarified the "distinctly limited scope" of the probate exception,[7] explaining:

> [W]e comprehend the 'interference' language in *Markham* as essentially a reiteration of the guiding principle that, when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*. Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.[8]

The *Marshall* Court concluded that the federal district court had subject-matter jurisdiction, and the probate exception did not apply, reasoning: "[The claimant]

---

[5] *Id.* (internal citations omitted).

[6] 547 U.S. at 311.

[7] *Id.* at 310.

[8] *Id.* at 311–12.

4

seeks an *in personam* judgment against [the Defendant], not the probate or annulment of a will. Nor does she seek to reach a *res* in custody of a state court."[9] After *Marshall*, the probate exception only bars a federal district court from (1) probating or annulling a will or (2) "seek[ing] to reach a *res* in custody of a state court" by "endeavoring to dispose of [such] property."[10]

As we see it, to determine whether the probate exception deprives a federal court of jurisdiction, *Marshall* requires a two-step inquiry into (1) whether the property in dispute is estate property within the custody of the probate court and (2) whether the plaintiff's claims would require the federal court to assume *in rem* jurisdiction over that property. If the answer to both inquiries is yes, then the probate exception precludes the federal district court from exercising diversity jurisdiction. Here, we find the case outside the scope of the probate exception under the first step of the inquiry because the Trust is not property within the custody of the probate court.

As a threshold matter, the probate exception only applies if the dispute concerns property within the custody of a state court. The federal court cannot exercise *in rem* jurisdiction over a *res* in the custody of another court. Both of the Brunstings' Wills were admitted to probate after the district court dismissed the case, and probate proceedings are ongoing.[11] However, nothing suggests that the Texas probate court currently has custody or *in rem* jurisdiction over the Trust. It likely does not. Assets placed in an inter vivos trust generally avoid probate, since such assets are owned by the trust, not the decedent, and

---

[9] *Id.* at 312 (internal citations omitted).

[10] *Id.* at 312–13.

[11] At the time the district court dismissed the case, no probate proceedings had been initiated. As such, there was no possibility that the case fell within the probate exception. Nevertheless, we must consider whether, upon remand, the federal district court would have subject-matter jurisdiction now that probate proceedings are ongoing.

therefore are not part of the decedent's estate.[12]  In other words, because the assets in a living or inter vivos trust are not property of the estate at the time of the decedent's death, having been transferred to the trust years before, the trust is not in the custody of the probate court and as such the probate exception is inapplicable to disputes concerning administration of the trust.  The record also indicates that there would be no probate of this Trust's assets upon the death of the surviving spouse.[13]  Finding no evidence that this Trust is subject to the ongoing probate proceedings, we conclude that the case falls outside the scope of the probate exception.  The district court below erred in dismissing the case for lack of subject-matter jurisdiction.

## IV.

For the reasons set forth above, we REVERSE the district court's dismissal of the case and REMAND for further proceedings.   REVERSED AND REMANDED.

---

[12] *See* 3 TEX. PRAC. GUIDE WILLS, TRUSTS, AND EST. PLAN. § 10:83 ("Any property held in a revocable living trust is not considered a probate asset . . . ."); 2 EST. TAX & PERS. FIN. PLAN. § 19:15 ("Avoidance of probate perhaps is the most publicized advantage of the revocable living trust.'"); 18 EST. PLAN. 98 ("Assets in a living trust are not subject to probate administration . . . .").

[13] Any assets "poured over" from the decedents' estates into the Trust would have to go through probate, but that does not change the fact that the Trust property over which the Defendants have been acting as Trustees would not be subject to probate, having been transferred to the Trust prior to the parents' deaths.