# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 21, 2021

Lyle W. Cayce
Clerk

No. 20-20566
Summary Calendar

CANDACE LOUISE CURTIS,

*Plaintiff—Appellant*,

*versus*

ANITA KAY BRUNSTING; AMY RUTH BRUNSTING,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-592

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Candace Louise Curtis, acting *pro se*, appeals from the district court's denial of her motion for relief from two district court orders entered in May 2014.  We AFFIRM.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20566

## FACTUAL AND PROCEDURAL BACKGROUND

In 2012, Curtis filed a *pro se* complaint in federal court against her sisters, Anita Kay Brunsting and Amy Ruth Brunsting, concerning their administration of the Brunsting Family Living Trust.  The complaint sought damages, a temporary restraining order, and an injunction to protect trust assets.  The district court dismissed the case *sua sponte* under the probate exception to diversity jurisdiction.  A panel of this court reversed and remanded.  *See Curtis v. Brunsting*, 704 F.3d 406 (5th Cir. 2013).  Following remand, the district court entered a preliminary injunction requiring the trustees to provide an accounting of trust assets and to obtain court approval of transactions regarding trust assets, among other things.

In May 2013, still acting *pro se*, Curtis filed an amended complaint without leave of court.  She also requested the involuntary joinder of her brother, Carl Brunsting, as a co-plaintiff.  She sought to have the federal court order the joinder of Carl's related pending state-court action.  The district court struck Curtis's amended complaint and denied the request for joinder of parties and claims.  Later that year, the district court ordered Curtis to retain counsel.

After retaining counsel, Curtis filed two motions that led to the court orders from which she now seeks relief.  In May 2014, on Curtis's behalf, her counsel filed a motion for leave to file an amended complaint.  The amended complaint would add her brother, Carl, as a necessary party and involuntary co-plaintiff, even though doing so would destroy complete diversity.  Expecting a lack of diversity, Curtis's counsel simultaneously filed a "motion to remand" the case to Texas's Harris County Probate Court Number Four so that the case could be consolidated with Carl's pending lawsuit in Texas state court.

2

No. 20-20566

On May 15, 2014, the district court granted leave to file the amended complaint. It also granted the purported motion to remand, reasoning that the lack of complete diversity and the need to avoid inconsistent judgments in related lawsuits warranted remand and consolidation. The Harris County Probate Court accepted the "remand," and later consolidated the lawsuits,

About two years later and after discharging her counsel, Curtis began a *pro se* effort to obtain relief from the orders and reinstate her federal case. On August 3, 2016, she filed a motion for relief based on Federal Rule of Civil Procedure 60(b)(3), 60(b)(6), and 60(d)(3). She argued that the defendants perpetrated a fraud on the court by agreeing to the remand and then refusing to honor the federal injunction and other orders of the federal district court. She also accused her former counsel of seeking remand "to obstruct justice in pursuit of attorney fees." In essence, she asked the district court to reinstate the federal case. The court took no action on the motion.

More than two years later, in March 2019, Curtis sought to have the defendants and their counsel held in contempt for violating the federal injunction. The district court held a telephonic hearing and entered an order denying Curtis's show-cause motion. The district court explained that it was "of the opinion that, having transferred the case to Harris County Probate Court, it no longer ha[d] jurisdiction of the case." Curtis did not appeal from that order.

On July 17, 2020, after hiring a new attorney, Curtis filed another motion seeking relief from the district court's 2014 amendment and remand orders, this time relying only on Rule 60(b)(6) and Rule 60(d)(3). In that motion, Curtis argued that her own prior counsel's conduct, including pursuing amendment and remand, constituted a fraud on the court. She again asked the court to reinstate the federal case. Then, on August 28, 2020, Curtis filed an emergency motion to reopen the case.

3

No. 20-20566

The district court conducted a telephonic hearing and reopened the case for the limited purpose of considering Curtis's July 2020 motion for relief. The district court denied the motion for several reasons, including: (1) her request was untimely; (2) her prior counsel's conduct does not amount to a fraud on the court; (3) the transfer/remand was permissible; and (4) the district court ceded jurisdiction over the case to the Texas state court. This appeal followed.[1]

## DISCUSSION

We review the district court's denial of Curtis's request for relief under Rule 60(b)(6) and Rule 60(d)(3) for abuse of discretion. *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 871 (5th Cir. 1989).[2] We will separately address those two subsections of Rule 60.

I.      *Rule 60(b)(6)*

Rule 60(b) lists several grounds upon which a "final judgment, order, or proceeding" may be set aside. Subsections one through five are specific, while subsection six is a general clause permitting relief for *other* valid grounds. *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990). "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other

---

[1] The attorney who represented Curtis in 2020 is no longer participating in this case, and Curtis is proceeding *pro se* in this appeal.

[2] A Rule 60(d)(3) motion is subject to the same standard of review as a Rule 60(b) motion. *Haskett v. W. Land Servs., Inc.*, 761 F. App'x 293, 295 & n.1 (5th Cir. 2019). The "fraud on the court" provision was formerly under Rule 60(b), but a 2007 amendment to the Federal Rules of Civil Procedure moved the provision to Rule 60(d). The change was "stylistic only." *Id.* at 295 n.1 (quoting FED. R. CIV. P. 60 advisory committee's notes to the 2007 amendment).

reason that justifies relief." FED. R. CIV. P. 60(b)(6). "This Court has consistently held that relief under 60(b)(6) is mutually exclusive from relief available under [sub]sections (1)–(5)." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005). This means that "[t]he reason for relief set forth" in the other subsections of Rule 60(b) "cannot be the basis for relief under Rule 60(b)(6)." *Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002) (quotation marks and citation omitted). Accordingly, "[r]elief under this [sub]section is granted only if extraordinary circumstances are present" *and* those circumstances are not covered by another Rule 60(b) ground. *Hesling*, 396 F.3d at 642 (citation omitted) (first alteration in original). A Rule 60(b)(6) motion must be made "within a reasonable time." FED. R. CIV. P. 60(c)(1).

Curtis's July 2020 motion alleged that "[t]he ground for this petition is fraud upon the court." The motion explained that "[t]he misconduct upon which this petition for relief is based is not merely an unconscionable plan preventing [Curtis] from fully and fairly litigating her case, but a willful and callous scheme designed to improperly influence the court in its decision." To the extent Curtis's current claim is of fraudulent conduct by the defendants, as her 2016 motion alleged, Rule 60(b)(6) is not a basis for relief because, as we discuss in the next section of this opinion, claims of fraud are explicitly covered by Rule 60(b)(3) and Rule 60(d)(3). *See Hess*, 281 F.3d at 215–16.

Curtis's July 2020 motion also contended that the district court's remand order is "void as a matter of law." Rule 60(b)(6) is not a basis for relief for that assertion because Rule 60(b)(4) specifically provides for relief when a judgment is void. *See id.*

All that is left is the conduct of Curtis's prior counsel. Regardless of the merits of the underlying claim, which we do not decide, the district court

did not abuse its discretion in concluding that her request for relief was not brought within a reasonable time, as is required by Rule 60(c)(1). As the district court explained, Curtis "had knowledge of (or a means to discover) the complained[-]of activities" as early as 2014 yet waited more than two years to request relief initially.

The district court did not abuse its discretion by denying Curtis's request for relief under Rule 60(b)(6).

## II.    *Rule 60(d)(3)*

Curtis also seeks relief under Rule 60(d)(3), which allows the court to "set aside a judgment for fraud on the court." FED. R. CIV. P. 60(d)(3). A request for Rule 60(d)(3) relief is "not subject to any time limitation." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1337–38 (5th Cir. 1978). "Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court." *Id.* at 1338 (citation omitted). "[I]t is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Id.* (citation omitted).

Curtis's prior counsel sought to add Curtis's brother as a co-plaintiff and consolidate the two lawsuits in Texas state court. Curtis tried to accomplish almost the same thing one year earlier when acting *pro se*; in 2013, she filed an amended complaint, and then sought to add her brother as a co-plaintiff and consolidate the two cases in federal court. Although her counsel's post "remand" performance might not have been satisfactory to Curtis, she has not shown that her prior counsel asked for the amendment and remand in an "unconscionable plan . . . to improperly influence the court in its decision." *Id.* The district court's denial of Curtis's request for relief from the amendment and remand orders was not an abuse of discretion.

No. 20-20566

\* \* \*

It is true that in 2014, the district court should have dismissed without prejudice instead of ordering a remand to state court. Nevertheless, the court did exactly what Curtis's attorney requested. Further, the district court's amendment and remand orders resulted in further proceedings in state court, allowing the case to proceed in the same manner as would have occurred after a proper dismissal without prejudice.

Curtis has not met her burden of proving fraud on the court, and the court did not abuse its discretion by declining to vacate these orders for any other reason.

AFFIRMED.